[PHILADELPHIA, JANUARY, 1830.]

## SHAW *against* WILE.

#### IN ERROR.

Where the injury complained of is a continuing one, and such continuance is the ground of a new action, it is error to lay in the declaration *affirmatively*, that any part of the injury accrued after the commencement of the suit.

But where the only act which is actionable, has passed before the writ issued, and the consequences of it, though continuing, are not the ground of a new action, *it seems*, the law is otherwise.

But if it be not, and the time is laid under a *videlicit*, or is insensible, or impossible, the error is cured by verdict.

THIS case came before the court on a writ of error to the District Court for the city and county of *Philadelphia.* In the court below it was an action brought by *Conrad Wile*, the defendant in error, against the plaintiff in error, *Joseph Shaw*, for debauching the plaintiff's daughter, and getting her with child, *per quod servitium amisit.*

The suit was instituted on the 8th of *May*, 1823, and the declaration, which was filed on the 11th of *August*, 1823, set forth, that the defendant "heretofore, to wit: on the 6th day of *August*, A. D. 1822, and on divers other days and times, between that day and the day of exhibiting this bill, at the city aforesaid, debauched and carnally knew the said *Maria Wile*, then, and there, and from thence for a long space of time, to wit: hitherto, being the daughter and servant of the said *Conrad Wile*, whereby the said *Maria Wile* became pregnant and sick with child, and so remained and continued for a long space of time, to wit: for the space of nine months, then next following, at the expiration whereof, to wit: on the 6th day of *May*, in the year 1823, at the city aforesaid, she, the said *Maria*, was delivered of the child with which she was so pregnant, as aforesaid, to wit: at the city aforesaid, by means of which said several premises, she, the said *Maria Wile*, for a long space of time, from the day and year first above-mentioned, hitherto became, and was unable to do, or perform the necessary offices and business of the said *Conrad Wile*, so being her father and master, as aforesaid, &c.   And also, by means of the said several premises, he, the said *Conrad*, was forced and obliged to, and did necessarily, pay, lay out, and expend, divers sums of money, in the whole, amounting to a large sum of money, to wit: the sum of two hundred dol-

(Shaw *v.* Wile.)

lars, in and about the nursing and taking care of the said *Maria Wile,* his said daughter and servant, and in and about the delivering of the said child, to wit: at the city aforesaid," &c.

The jury found a verdict for five thousand five hundred dollars damages; upon which, the defendant sued out a writ of error.

The error assigned, and relied upon in this court was, that the cause of action, or some part of it, is laid to have accrued since the inception of the suit.

*P. A. Browne,* for the plaintiff in error.

*Dallas* and *Keemle,* for the defendant in error, referred to *Crouse* v. *Miller,* 10 *Serg. & Rawle,* 155.   *Sauerman* v. *Weckerly,* 17 *Serg. & Rawle,* 117.   *Schlosser* v. *Brown,* 17 *Serg. & Rawle,* 250. *Geary* v. *Cunningham,* 17 *Serg. & Rawle,* 424.   1 *Tid. Pr.* 77, 78.

The opinion of the court was delivered by

Huston, J.—It was contended here, that from the *narr.* in this case, it was apparent, that the jury gave damages for a period of time subsequent to the commencement of the action; or, that from what is contained in the *narr.* and pleas, they may have done so, and that this is error, for which this court must reverse.

I admit, that generally, in stating the damages, care must be taken that no part of them appear to have accrued after the commencement of the action; and that if it is laid *affirmatively,* that they did accrue after the commencement of the suit, it has been held to be error.   I do not admit, however, that expressions in a · declaration which will admit of such a construction, will, *in all cases,* be error.   Where the injury is a continuing one, and such continuance is the ground of a new action, there is some reason in the law; but where the act, and the only one which is actionable, has passed before the writ issued, but the consequences, though continuing during the life of the plaintiff, are not the ground of a new action, it is perhaps otherwise.   Damages in the shape of interest, are given in debt and *assumpsit,* up to the time of the verdict; and in assault and battery, and mayhem, the eye, or the member destroyed, can never be restored, and the jury consider this, because no new action can be brought for it.   It is not necessary, however, to give an opinion on this point, because there are other grounds on which the court think this *narr.* must be supported. I do not enter into the question, whether, "up to the day of exhibiting this bill," relates in *England* to the bill of *Middlesex,* a writ to the sheriff, to bring the defendant into court, or the *narr.,* called a bill; nor, whether, as the *narr.* ought to be filed there, of the first term, it is not to be considered as filed then, in order to support a judgment, though in fact, it was filed afterwards.   The gentleman who drew this declaration, has admitted the phrase is incorrect in a declaration in this state.   It is settled, long since,

(Shaw *v.* Wile.)

that this error is cured by a verdict, if the time is laid under a *videlicit*. 2 *Saund.* 169, 171, *Note. Webb* v. *Turner*, 2 *Stra.* 1095. It is so laid in this case. So, if the time laid is insensible, or impossible; for it was supposed the court instructed the jury at what point damages were to stop. The words, "for a long space of time, from the day and year first above-mentioned, *hitherto*, became, and was," &c., have also been objected to. The answer to this is, the precedents are so. See 2 *Chitty's Pl.* 307, 308.

Judgment affirmed.