ANDRY
*vs.*
GUYOL ET AL.

ANDRY *vs.* GUYOL ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

According to the provisions of the Louisiana Code, article 3216, No. 3, those who have supplied the owner with materials for the construction or repair of an edifice, &c. are entitled to a privilege on the edifice or work constructed, for the price of such materials.

So, where the vendee of a lot of ground received materials from a third person, for the erection of a house on it : *Held*, that the material man was entitled to receive the price of such materials, by privilege over the vendor of the lot, to be paid from the price of the house in the hands of the sheriff, which was sold with the lot.

This case commenced by order of seizure and sale. The plaintiff sold and conveyed to the defendant, Guyol, a lot of ground, in the city of New-Orleans, by public act, dated the 11th of May, 1832, for the sum of ten thousand eight hundred dollars, payable in four equal annual instalments from the date of sale, with mortgage retained on the premises until complete payment of the price.

On the 25th of September, 1834, the three first instalments having become due and remaining unpaid, the plaintiff filed his petition, and took out an order of seizure and sale for the entire sum due and to become due, and proceeded to sell the mortgaged premises. In the meantime the purchaser had built a house on the ground originally sold.

John F. Miller intervened as a third opponent, and claimed a special privilege on the proceeds of the sale in the hands of the sheriff, for the sum of one thousand two hundred

and fifty-one dollars sixty-seven cents, being for lumber and materials furnished to the defendant for building the house, which was sold by the sheriff, with the lot of ground. Experts were appointed to appraise the relative value of the parcel of ground, with the improvements and the buildings, such as they were at the time of the sale. The experts reported thirteen hundred dollars worth of materials in the house; and also the relative value of the ground, &c.

On this report and the evidence of the claim set up by Miller in opposition, the district judge gave judgment in his favor for the sum of twelve hundred and forty-eight dollars, as a privileged debt on the price of the house in the sheriff's hands.

The plaintiff, after an unsuccessful attempt to obtain a new trial, appealed.

*De Armas*, for the appellant.

*Roselius*, for the appellee.

*Carleton, J.,* delivered the opinion of the court.

The plaintiff obtained an order for the seizure and sale of a lot of ground sold to the defendant, who failed to pay the price at the time stipulated by his contract. During his possession, the vendee built a house on the premises, of materials furnished by J. F. Miller. While the proceeds of sale were yet in the hands of the sheriff, Miller intervened, and claimed the value of these materials as a privileged debt. The court below decreed in his favor, and the plaintiff appealed.

The case was submitted to this court without argument or brief on either side.

We have carefully examined the record, and are unable to perceive any error in the judgment of the District Court. *Louisiana Code, articles* 3234–5–6, and 3216.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

According to the provisions of the Louisiana Code, art. 3216 No. 3, those who have supplied the owner with materials for the construction or repair of an edifice, &c. are entitled to a privilege on the edifice or work constructed, for the price of such material.

So, where the vendee of a lot of ground received materials from a third person for the erection of a house on it: *Held,* that the material man was entitled to receive the price of such materials by privilege over the vendor of the lots, to be paid from the price of the house in the hands of the sheriff, which was sold with the lot.