### DIGGS *VS.* GREEN ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

A purchaser of property subject to a lien and privilege, is liable for the amount, and will be compelled to pay it, or give up the property.

The plaintiff took out an order of seizure and sale against a lot of ground, which he had sold to the defendant. In the mean time, one James Wright had obtained a judgment by attachment against the defendant, with a privilege on the lot for repairs made, and work done on it. The lot was sold under the plaintiff's order of seizure, and purchased in by him.

After some time had elapsed, James Wright intervened and took a rule on the plaintiff and sheriff, to show cause why the amount of his demand, (four hundred and nine dollars and forty-one cents,) should not be paid out of the proceeds of said lot, by preference and privilege.

On hearing this rule, Wright proved his demand and produced his judgment, with the workman's privilege, against the lot. The rule was made absolute, and the money ordered to be paid accordingly. The plaintiff appealed.

*Elmore* and *King*, for the plaintiff and appellant.

*M'Millen*, for the appellee.

*Morphy, J.,* delivered the opinion of the court.

This case commenced by an order of seizure and sale sued out by plaintiff, against a piece of property he had sold to defendant. Before this proceeding took place, one J. Wright had proceeded by attachment in the Parish Court, against the defendant, a non-resident, and had obtained a judgment for four hundred and nine dollars and forty-one cents, with privilege on the property for work and labor done and materials furnished, in making banquets and gutters in front of the lot. Some time after the sale of the property, which was adjudicated to the plaintiff, Wright took a rule on the latter and the sheriff, to show cause why the amount of his judgment should not be paid by preference, out of the proceeds of the property sold. This rule was made absolute and the plaintiff appealed.

He has contended here, that the rule came too late; a settlement between him and the sheriff having already been made when it was taken; that the suit being thus at an end, no opposition or intervention could take place.

It appears from the evidence, that the plaintiff was apprized by the sheriff of the existence of this real charge on the property, and promised several times to satisfy it. This circumstance accounts for the delay of Wright on taking his rule, and explains why the sheriff made a settlement with the plaintiff, without insisting on the payment into his hands of a sum sufficient to discharge this privileged claim.

The plaintiff, having bought in his property at a price very inferior to that he had sold it for, after having received a large amount of cash, refuses, with a bad grace, to pay a claim for improvements which greatly enhance its value; and for which the law secures a lien and privilege. *Louisiana Code, articles* 3216, 2747.

It is, therefore, ordered that the judgment of the District Court be affirmed, with costs.