## BROWN v. MATTHEWS, Executor, et al.

Where a lease of land has not been recorded in the manner required by law for absolute sales of real estate, the lease will be without effect as to purchasers from the lessor. Stat. 26 March, 1806, s. 1.

APPEAL from the Fifth District Court of New Orleans, *Buchanan,* J. *Conklin,* for the plaintiff. *Livingston,* for the appellants. The judgment of the court was pronounced by

SLIDELL, J. The plaintiff purchased on the 7th of November, 1846, of *Malone,* a lot of ground, with the buildings and improvements. Some buildings had been put upon this lot by *Williamson,* a lessee of the vendors of *Malone.* By the stipulations of the lease, which does not appear to have been recorded either in the office of conveyances or of mortgages, the term was for three years, and expired on the 1st October, 1846. The lessors bound themselves that, " at the expiration of the lease they shall purchase the improvements then existing on said lot, at the price at which they shall then be valued by two estimators, of which one shall be chosen by each of the parties." *Malone* purchased the property from the lessors subject to the conditions of the lease, but after its expiration sold the property to *Brown,* without paying for the improvements. *Wil-*

*liamson* is dead, and *Matthews*, his testamentary executor, refused to deliver possession unless plaintiff would pay for the improvements which, he alleges, were of the value of $1,000. This action was brought to obtain possession. The court below decreed, "that the plaintiff have possession of the lot described in the petition, and that defendant remove the buildings and improvements from the same within ten days, or in default thereof that the same be removed by the sheriff." From this judgment the defendants have appealed, and the plaintiff asks its amendment in his favor, so as to authorize him to retain the buildings without making any compensation for them. This answer was not however seasonably filed, as required by the Code of Practice, art. 890, and does not therefore require consideration.

<div style="text-align: right; font-weight: bold;">BROWN<br>v.<br>MATTHEWS.</div>

If the lease had been recorded in the manner provided for deeds of real estate (act of 1806), it would then have been our duty to enquire whether a purchaser from the lessor could claim to stand in a better position than the lessor, who probably could not have asked a court to put him into possession at the expiration of the lease without doing equity by paying for the improvements. But by the neglect of registry the lessee has forfeited whatever right he might have had to this relief.

We have been referred by the appellee to the cases of *Andry* v. *Guyol*, 13 La. 8, and *Diggs* v. *Green*, 15 La. 416, and the articles of the Code there cited, for the purpose of supporting the claim of privilege set up by the appellants. Those were cases of workmen and furnishers of materials. Even if the lessee could be comprehended in those categories, upon which point we express no opinion, yet where the amount exceeds the sum of $500, registration is necessary for the preservation of the privilege. Civil Code, 3239.

<div style="text-align: right;">*Judgment affirmed.*</div>