Raymond et al. *v.* Ewing et al.

BENJAMIN W. RAYMOND *et al.*, Plaintiffs in Error, *v.* WILLIAM L. EWING *et al.*, Defendants in Error.

ERROR TO MARSHALL.

Persons not parties to a mechanics' lien proceeding, not being bound by a decree, may contest a sale by bill, showing their superior interest, and the court should settle the interests of the several parties, and not stop by enjoining a sale of the property.

Mechanics and material men may have a lien paramount to that secured by a trust deed, upon the improvements made by them upon the premises, subsequent thereto.

THIS was a bill filed in the Circuit Court of Marshall county, for an injunction to restrain the sale of certain premises in said county, under a prior decree of the same court, in a proceeding for mechanics' lien.

Bill shows, that William L. Ewing, Albert G. Edwards, Nathan Cole, Philip W. Hermans, and Frederick Berthold, of the city of St. Louis, copartners, doing business at St. Louis, under the style and firm of W. L. Ewing & Co., and Clinton Briggs, of the city of Chicago, are complainants; that Theodore Perry and Joseph L. Dodds, of Lacon, State of Illinois, copartners under the name of Perry & Dodds, on the first day of February, 1857, applied to W. L. Ewing & Co. for a loan of $7,000, for two years from March 2nd, 1857, and for such further advances, not to exceed $20,000, as Perry & Dodds should require to carry on business; that Ewing & Co. acceded to the request, and agreement marked " Exhibit A," of the bill, was made.

Exhibit A is a proposition, signed by W. L. Ewing & Co., to advance to Perry & Dodds " seven thousand dollars in the way of permanent loan, and such further sums (not to exceed twenty thousand dollars) from time to time, as they may require to carry on the business of their mill and distillery, in Lacon, Ill.," the entire product of the mill and distillery to be shipped to Ewing & Co., or to their house in Chicago, (Ewing, Briggs & Co.,) to be sold for account of Perry & Dodds, for which they

22

were to pay a commission of two and a half per cent. on the gross amount of sales and expenses.

For advance and interest on the $7,000, Ewing & Co. are to charge four and a half per cent. every four months, at expiration of which period their account is to be stated. And for further advances, charge to be regulated by the condition of the money market, not to exceed the rate of four and a half, as above. Satisfactory security to be given Ewing & Co., and insurance to be effected for their benefit.

Shows that, for securing the loan of $7,000, and further advances, Perry & Dodds, and their wives, March 2nd, 1857, made to Clinton Briggs, as trustee, a trust deed of certain lots in Lacon, described in the deed, which is attached to the bill, and which was filed for record, March 6th, 1857.

This trust deed was made March 2nd, 1857, by Perry & Dodds to Clinton Briggs, and filed May 6th, 1857, in the recorder's office of said county; and states that whereas, W. L. Ewing & Co. have agreed to loan Perry & Dodds $7,000, payable on the second day of March, 1859, and have agreed to make, from time to time, before March 2nd, 1859, further advances, not exceeding in all $20,000, as stated in agreement bearing date February 1st, 1857; now, therefore, to secure prompt payment of said $7,000, and further advances, said Perry & Dodds convey to said trustee, lot 8, and the south three-fourths of lot 5, in block 7, of the town of Lacon, in Marshall county, Illinois, in trust, in case of default in payment by Perry & Dodds to W. L. Ewing & Co., of said $7,000, or any other indebtedness, within ten days after March 2nd, 1859, or if default shall be made, in whole or in part, in the performance of any of the covenants, stipulations and agreements herein contained, then the trustee may enter into possession of the premises, receive rents, and lease the same, for any period not exceeding five years; and on application of W. L. Ewing & Co., after ten days' notice in a newspaper printed in Chicago, may sell the premises at auction at the north door of the court-house, in Chicago, with all right of redemption, and make deeds to the purchasers, and out of the moneys, after paying all costs, etc., to pay the amount unpaid of any and every kind of the indebtedness aforesaid.

Provides for substitution of another trustee, in certain contingencies, and contains covenants of seizin, warranty, etc., and that Perry & Dodds will pay taxes, " and will also pay all liens whatsoever thereon." Makes said trustee the attorney of said Perry & Dodds, irrevocable, in their name, or in his own name, to enter into possession, receive rents, etc.

" In the foregoing instrument, the figures 1858 occur four times, which, by direction of W. L. Ewing & Co., by their

agents, I have altered so as to read 1859, thus altering the time originally by extending it one year.

(Signed) WM. FENN."

Certificate of acknowledgment by Cornelius Perry, notary public, in ordinary form, dated March 5th, 1857.

That after making said agreement and trust deed, W. L. Ewing & Co., during the year 1857, advanced to Perry & Dodds $20,000 and upwards, in addition to said sum of $7,000.

That on the 5th day of September, 1857, Perry & Dodds made a certain other agreement in writing, supplemental to and explanatory of said original agreement. It refers to agreement made February 1st, 1857, " Exhibit A," and provides that whatever balances shall be due from Perry & Dodds, every four months, shall be payable ten days thereafter. Perry & Dodds agree to refund to Ewing and Co. $1,800, in sixty days, money this day advanced by Ewing & Co., to pay off an existing incumbrance on certain real estate, described in certain deed of trust given to secure payment to Ewing & Co., of certain moneys owing by Perry & Dodds.

Perry & Dodds agree to keep their flour mill and distillery at Lacon in active operation during continuance of said original agreement.

Perry & Dodds consent that Ewing & Co. may terminate said original agreement, at their option, June 1st, 1858.

In case of loss by fire, or failure to keep insured the mill and distillery, for benefit of Ewing & Co., said Ewing & Co. may forthwith terminate said original agreement, and may charge the regular and usual commissions of two and one-half per cent. on what may then be due to Ewing & Co. from Perry & Dodds. Consideration of this agreement is the advance of $1,800 aforesaid.

Perry & Dodds to pay $6,000, " being the only remaining incumbrance on said real estate above mentioned." Signed by " Perry & Dodds."

Shows that by said trust deed, Perry & Dodds covenanted that they would pay off and satisfy all liens on said mortgaged premises, and all taxes, and that the premises were free of incumbrance, and that in case of default, said trustee might enter into possession, etc., and sell, etc.

Shows that Perry & Dodds became insolvent, and ceased to do business in December, 1857, when they were indebted to Ewing & Co. $30,000, which they still owe.

That the premises were not, at the time of execution of trust deed, free of incumbrances, but were largely incumbered, and that Perry & Dodds did not pay off the same, but Ewing & Co., for their protection, have paid of said liens $10,800.

" And complainants further state that the said Perry & Dodds did not pay the mechanics' liens accrued on said premises subsequent to the date of their said trust deed, and hereinbefore referred to, as they, the said Perry & Dodds, covenanted to do." And thereby said trust deed became forfeited, and the trustee became entitled to possession, and had power to sell " at the time " and in the manner provided in the trust deed. That said trustee entered into possession, under the deed, October 12th, 1858, and is now in possession, and has advertised the same for sale, November 15th, 1858.

Shows that after making and recording of trust deed, Perry & Dodds made certain improvements on the premises, which are particularly described and set forth in petition of Philetus W. Gates and others, for mechanics' lien on said premises, a copy of which is annexed to the bill. That none of your orators were made parties to said suit, and had no notice thereof, nor opportunity to defend their rights in the premises, but the same was prosecuted against Perry & Dodds alone. That such proceedings have been had, that decree has been made by the Circuit Court of Marshall county, allowing the claims, and decreeing the property to be sold to satisfy the same, and that Silas Ramsey has been appointed special commissioner to execute the decree. A copy of the decree is annexed to bill.

That said Ramsey has advertised the premises for sale under said decree, October 15th, 1858, and postponed the sale till November 11th, 1858, when he intends to sell the same, and make deed to the purchaser.

Copy of advertisement given.

That said sale and conveyance, if made, will be a cloud on the title of Ewing & Co., and prevent the trustee from selling to advantage, if at all, and operate to the wrong and damage of Ewing & Co.

Shows that the possession of the trustee is threatened with disturbance by the proceedings of said Ramsey under said decree, and by the provisions of said decree requiring possession to be given to the purchaser thereunder.

Shows that none of the contracts were made by the petitioners for the liens, until after the making and recording of the trust deed.

Insists that said liens for said work and materials cannot by law take precedence of said trust deed, but must be postponed thereto ; that the petitioners acquired no further or other title to said premises, by reason of the work and materials furnished, than a mortgage of that date would have given them ; and your orators insist that their rights under the trust deed cannot be divested or clouded by a subsequent contract made by Perry &

Dodds with any other party, and particularly as your orators have not been made parties to said lien suit.

Shows that they have several times, since entering decree, remonstrated with the petitioners against any sale thereunder, but the petitioners refuse to postpone the sale, and intend to sell as advertised, by which your orators' title will be clouded, and their possession interfered with.

Answer on oath is waived.

Prayer for injunction to restrain defendants from selling or conveying the premises, or otherwise interfering with complainants' possession.

Also for decree containing such injunction, and postponing the claims of the petitioners to that of Ewing & Co., under said trust deed, until the amonnt due and owing to them be satisfied.

Prayer for " further and other relief," for writ of injunction and summons. Bill sworn to.

Injunction ordered by M. E. Hollister, judge of ninth judicial circuit, November 6th, 1858.

The petition for a mechanics' lien was addressed to the Hon. Martin Ballou, judge of the 23rd judicial circuit, and sets forth that Philetus W. Gates, Evander S. Warner, Thomas Chalmers, Archelaus G. Warner and David R. Fraser, copartners under the names of Gates, Warner, Chalmers & Co., and P. W. Gates, Warner, Chalmers & Fraser, of Chicago; Benjamin W. Raymond and Charles P. Raymond, of the same place, copartners under the name of B. W. Raymond & Son; and Thomas Wallace, of the same place.

Shows that said firm of Gates, Warner, Chalmers & Co. were applied to by said Perry & Dodds, March 20th, 1857, as petitioners believe, but are not certain, though they aver it was between the 15th and 25th of March, 1857, to furnish certain materials, and do certain work for them, said Perry & Dodds, in erecting and putting up machinery in a grist mill and distillery belonging to them, and situated on lots belonging to them, to wit, Lots 5 and 8 in block 7, in Lacon, aforesaid. That the materials consisted of castings, shafting, bolts, bands, and other machinery for use in said mill and distillery, being appurtenances of said buildings; and the work to be done was the necessary work of forging, finishing, and other labor in preparing said materials for use in said buildings. That the business of said Gates, Warner, Chalmers & Co. was that of machinists, engine builders, foundry men and general furnishing of all kinds of machinery. That in pursuance of said application, Gates, Warner, Chalmers & Co. then made a verbal agreement with Perry & Dodds to furnish said materials and do said work, at their usual prices and terms, in their business, which were for

castings five cents per pound, for wrought iron work six cents per pound, for finishing on iron work, four dollars per day, for steel and brass work, and rubber and leather belting, the usual prices, all of which are particularly set forth in the bills annexed to petition, marked "Exhibit A," at the proper prices. That terms of payment usual in said business of Gates, Warner, Chalmers & Co., and according to which Perry & Dodds were to pay by said agreement between the parties, were one-quarter in advance, one-quarter when half the materials were delivered and half the work done, and the balance at three months thereafter.

That at time of making said contract, the exact amount of work to be done and materials to be furnished by Gates, Warner, Chalmers & Co. was not known; that by the contract they were to furnish such materials and do the necessary work thereon, as Perry & Dodds should want in getting their mill and distillery ready for operation, and which, from the statement of Perry & Dodds at the time, Gates, Warner, Chalmers & Co. estimated would amount to about $800, but which did actually amount to the sum of $2,003.89, including some small items of money paid for cartage, express charges, etc., on said materials, being necessary outlays in the delivery thereof.

That in pursuance of said contract, Gates, Warner, Chalmers & Co. furnished the materials and did the work mentioned in an exhibit filed with the petition at the times therein specified.

That Perry & Dodds paid in advance on said contract, $150. That they paid, June 8th, 1857, $500, which are all the payments they have made. That by the contract a larger advance payment than that made should have been paid, but was not required by Gates, Warner, Chalmers & Co., as the whole amount of materials and work was not then definitely known. That the balance, being last payment, on said contract, became due and payable Sept 18th, 1857, when Perry & Dodds not being able to pay the same, at their request, Gates, Warner, Chalmers & Co. extended the time to thirty, sixty, and ninety days from that date, and took their promissory notes, of which copies are annexed, the originals being in possession of Gates, Warner, Chalmers & Co., and ready to be delivered up and canceled as the court shall direct.

Petitioners further show that said B. W. Raymond & Son, by verbal contract with Perry & Dodds, April 23rd, 1857, furnished to them one large No. 5 pump on a frame as an appurtenance to the buildings of said Perry & Dodds, situate on the lots aforesaid, belonging to Perry & Dodds in fee simple. That by said contract, Perry & Dodds were to pay for the same in ninety days from that date, and to pay $200.

That B. W. Raymond & Son, by further contract with said Perry & Dodds, June 28th, 1857, furnished them three pump tight and loose pulleys at the price of $1.25; fifteen feet of suction pipe at $1.35 per foot, making $20.25; three bolts at fifteen cents each, making forty-five cents; one long nipple at $1.75; one flange at $2, making, in all, $150.80 for the articles furnished at the date last mentioned, and which were all furnished as and for appurtenances to the buildings and machinery on the lots aforesaid of Perry & Dodds, and for which, by said contract of sale, they were to pay $150.80 in ninety days thereafter; and all of said articles, including said pumps, were put into and became a part of said buildings and apurtenances.

That said B. W. Raymond & Son also performed labor in attaching the couplings aforesaid to the value of fifty-five cents, and paid for cartage in delivering said articles to Perry & Dodds fifty cents, all of which are correctly set forth in bill annexed to petition, marked C.

That on the 10th day of September, 1857, said $200 being past due and unpaid, B. W. Raymond & Son, at request of Perry & Dodds, took their promissory note at sixty days for the whole amount due B. W. Raymond & Son, and interest to the time when said note would be due, to wit, for $357.72, which note is held by Raymond & Son and ready to be delivered up and canceled as the court shall direct. A copy is annexed, marked D.

Show that petitioner, Thomas Wallace, being a mill-wright, was engaged by Perry & Dodds to furnish materials and labor to erect and put in order the machinery in their buildings on said lots, by agreement made in March, 1857; there were no writings between Perry & Dodds and Wallace, or specified time when the work should be done, except that it was to be done as fast as said machinery should be in readiness to be put up; and all to be done, as was then understood by the parties, by the middle of summer, in 1857; that Perry & Dodds would pay said Wallace the usual prices, which were the same as are charged in the bill hereto annexed, marked E; and that they would also pay traveling expenses of Wallace and his men going to and from Lacon to do said work, and their board while there, and other necessary expenses incurred in the said work, all of which are correctly set forth in said Exhibit E. That Wallace was to be paid as his work progressed, and all to be paid when the work was done; that Wallace performed in full what he was to do under said contract by July 6th, 1857, when the last payment was due by the contract; that September 18th, 1857, the same remaining due and unpaid, he took a promissory note of Perry & Dodds for the balance due him as was then understood, being $250, at forty-five days after date, with ten per cent. interest.

A copy of note is annexed. Said note in the hands of said Wallace, and ready to be delivered up and canceled, as the court shall direct. That there was an error in making up the amount due to Wallace from Perry & Dodds, which was then justly $310.16, and which is wholly unpaid.

Petitioners show that they severally have liens on said premises and buildings and appurtenances, under the statute, and that none of them have released or waived their liens. That all of said notes are due and unpaid; and that said premises, buildings and improvement should be sold to satisfy petitioners' claims.

Pray that Perry & Dodds be made defendants, be summoned, etc., and may full answer make hereto, and a decree be entered for sale of said lots, and buildings and improvements, and such other order as may be meet and equitable.

The following is a copy of the decree in the mechanics' lien suit:

And now this day again come said petitioners, by Scoville & Fort, their solicitors, and said defendants, by Bangs & Pratt, also come, and said petitioners, by leave of court, withdraw exceptions to the answer of said defendants. heretofore filed herein, and waive the filing of replication ; wherefore the answer is taken as true, and it appearing from said answer that Gates, Warner, Chalmers & Co. performed work and furnished materials, as alleged in the petition, except that only $400 of the amount of said labor and materials was furnished for the grist mill, which is on said lot eight, and the balance was for the distillery which is on said lot five, and that more than the amount of work done and materials furnished on said mill, has been paid by said Perry & Dodds, and that the balance due September 18th, 1859, was $1,353.89, for which Perry & Dodds gave their three promissory notes as stated in petition, the interest on which now amounts to $53.93. The court therefore finds and decrees that said Gates, Warner, Chalmers & Co. have a lien under the statute in such case made and provided, on the right, title and interest of Perry & Dodds in and to said lot five, at the time of the contract·between the parties, to wit, March 7th, 1857, and on the buildings and improvements thereon for $1,353.89, and interest from September 18th, 1857, which interest as found by the court, taking said answer as true, amounts to $53.93.

It further appearing from said answer, that said Raymond & Son made a contract with said defendants, as in said petition alleged, by which Raymond & Son furnished materials and performed labor to the amount of $357.85 on the buildings and improvements of Perry & Dodds, on said lots, to wit, June 25th, 1857, and that said sum by said contract, was payable ninety days after June 25th, 1857, and that said sum was included in

the promissory note described in petition, dated September 10th, 1857, made to said B. W. Raymond & Son.

And the court further finds that there is due to said Raymond & Son $11.03, for interest on said note, accruing after the same became due and payable. It is therefore decreed that Raymond & Son have a lien, under the statute, on all the right, title and interest of Perry & Dodds in and to said lots 5 and 8, at the time of making said contract, to wit, June 25th, 1857, and on the buildings and improvements thereon, for the sum of $357.72, and six per cent. interest thereon, which interest the court finds to be $11.03, making $368.78.

And it further appearing from said answer, that said Wallace made a contract with Perry & Dodds, as in said petition alleged, except that there was no contract with said Wallace to pay board of the hands employed by him. And the said Wallace performed labor and furnished materials, according to his contract, between March, 1857, and July 4th, 1857, and that a settlement was had on the completion of said work, and there was found due him from Perry & Dodds, on account of said contract, $250, for which sum Perry & Dodds, September 18th, 1857, made their note payable to said Wallace, as set forth in said petition, and interest on which the court finds to be $13.33, amounting to $263.33.

And it further appearing to the court, that said Wallace was fully paid for all work and materials on lot 8, and the buildings thereon, and that the balance due him, to wit, said $250, was for work done and materials furnished, under said contract, by him, on lot 5, and the buildings thereon. It is therefore found and decreed by the court, that said Wallace have a lien, under the statute, on all the right, title and interest of Perry & Dodds in and to lot 5, at the time of making the contract, to wit, the last day of March, 1857, and on the buildings and improvements thereon, for $263.33.

And John Renfrew and Alexander Crozier, surviving partners, etc., prosecuting their suit in this court against said Perry & Dodds, for mechanics' lien on said lot 8, by F. W. Shaw, their attorney, by leave of court, withdraw exceptions to the answer of defendants, and said answer is taken as true. And the court, to make a just and equitable distribution of the proceeds of the sale of said premises, among the creditors of said Perry & Dodds, having liens as aforesaid on said premises, orders that said suit, and two others pending against said Perry & Dodds, to wit, one in favor of Elijah Norris and John Norris, and the other in favor of Lafayette L. Goudy, petitioners, be consolidated with this suit; the solicitors of all the parties being present and consenting thereto.

Raymond et al. *v.* Ewing et al.

And it appearing from the answer of the defendants to petition of Renfrew and Crozier, that there was due and payable to them from said defendants, November 12th, 1857, $156.06, for work and materials done and furnished on the buildings of defendants on lot 8, by said Renfrew & Crozier, with Pomeroy, since deceased, under contract with defendants, for which Renfrew & Crozier are entitled to and have a lien under the statute, said sum of $156.06 being still due and unpaid, and that there is now due for interest thereon $4.68, making $160.74.

The decree then recites service of process, and default of Perry & Dodds, in case of Norris & Norris, an assessment by jury of the amount due them from defendants for $236.33, for labor and materials furnished in erecting and repairing buildings on lot 8, and south half of lot 5.

Also service and default of defendants in case of Goudy, and assessment by jury of the amount due him at $308.30, for labor performed in erection of distillery on south half of lot 5, by contract with Perry & Dodds.

It is adjudged by the court that Norris & Norris have a lien on lot 8, and south half of lot 5, and the buildings and improvements thereon, for $236.33, and that said Goudy has a lien on south half of lot 5, for $308.30. It is ordered that defendants pay to the several petitioners the amounts due them, to wit: Gates, Warner, Chalmers & Co., $1,407.82; to Raymond & Raymond, $368.78; to Thomas Wallace, $263.33; to Renfrew & Crozier, $156.06; with interest as hereinbefore set forth; and also to Norris & Norris, $236.33, with interest from the date of this decree, and to said Goudy $308.30, with interest from the date of this decree, within ninety days of close of the present term of this court, and also pay the costs of this suit. Silas Ramsey, master in chancery of Marshall county, is appointed special commissioner, in case of default of defendants to make said payments, within said ninety days, to sell said premises and improvements, after advertising the sale, as provided by law in case of sheriff's sale of real estate on execution, for cash; that he first sell lot 8, with the buildings and improvements thereon, for satisfaction of claim of Raymond & Son, also, of Renfrew & Crozier, with interest from Nov. 12th, 1857, also, of Norris & Norris, with interest from date of decree. That he next offer for sale lot 5, with the buildings and improvements thereon, for satisfaction of the balance of demands of said petitioners, found to be due, as aforesaid. That he pay out of proceeds of sale, costs of advertising and sale; then, out of proceeds of lot 8, that he pay Raymond & Son, Renfrew & Crozier, and Norris & Norris; and the balance, if any, pay over to defendants; and if there be not sufficient proceeds to pay said

demands in full, that then the same be paid *pro rata.* That out of proceeds of sale of lot 5, after payment of costs, said commissioner pay in full, if there be enough proceeds, if not, then *pro rata,* said amounts due to Gates, Warner, Chalmers & Fraser, Thomas Wallace, and L. L. Goudy, and the balance, if any due, to Raymond & Raymond, and Norris & Norris, after applying proceeds of lot 8, as aforesaid.

It is further ordered, that if proceeds of sale be not sufficient to pay the claims of any of said parties, his or their judgment shall be credited the amounts received, and execution issue in favor of any party whose claim is not satisfied, for the balance due, as upon a judgment in debt or assumpsit.

That the commissioner execute deeds to purchasers, and pay over proceeds to petitioners, and report proceedings to the next term of the court ; and that defendants surrender possession to the purchasers on demand.

Decree filed Nov. 6th, 1858.

Injunction writ was issued Nov. 8th, 1858, enjoining petitioners, and Ramsey, the commissioner, from executing said decree, and from interfering with and molesting complainants in their possession of the premises, till further order of the court. Returned, served on Ramsey, Goudy and Norris.

Summons in usual form to sheriff of Marshall county, issued Dec. 22nd, 1858 ; returned, served on Ramsey and Goudy ; other defendants not found ; and filed Jan. 20th, 1859.

January 27th, 1859, motion to dissolve injunction and dismiss bill, by Silas Ramsey, defendant, was overruled.

Appeal allowed.

The answer of Gates, Warner, Chalmers & Fraser, Raymond & Son, and Wallace, to the bill, is as follows : Defendants, saving and reserving all benefit of exception, etc., say, that they have no knowledge of Perry & Dodds applying to complainants for a loan of money, and know nothing of execution of agreement, marked Exhibit A, and leave complainants to their proof. Deny that W. L. Ewing & Co., during 1857, and up to December, 1857, advanced to Perry & Dodds the sum of $20,000, in addition to the sum of $7,000. Deny all knowledge of the supplemental agreement, marked C, and claim the same was made, if at all, after the liens of defendants accrued, and cannot affect them.

Defendants claim that advances, if any, made by Ewing & Co. to Perry & Dodds after liens accrued, were made subject to the rights and liens of defendants, and that Ewing & Co. must rely upon the covenants in trust deed, for their remedy.

Deny that Perry & Dodds became insolvent, or ceased to do business in December, 1857 ; and deny that Perry & Dodds were

at that time indebted to Ewing & Co. $30,000, and deny that such indebtedness exceeded $13,000, at the time of filing bill of complaint.   Say that for said indebtedness, whatever it might be, Ewing & Co. held security, by mortgage or trust deed, on other valuable real estate in Marshall county, worth more than amount of the indebtedness, and that prior to filing bill, Ewing & Co. caused said real estate to be sold, and bid off and held the same as security at the time of filing bill.

Deny that Ewing & Co. have paid $10,800, or any other sum, to release the premises described in trust deed, from prior liens.

Admit that Perry & Dodds did not pay mechanics' liens of defendants.

Deny that Clinton Briggs, trustee, by means of any act or default of Perry & Dodds, or otherwise, became entitled to possession of premises, prior to the 10th day after March 2nd, 1859.

Say that the act of trustee, in advertising sale, Nov. 15th, 1858, was not authorized by trust deed.

Admit that after making trust deed, Perry & Dodds made improvements on the premises, as set forth in the petitions, copies of which are annexed to bill.

Admit that none of complainants were made parties to the lien suits; but defendants deny that they had no notice thereof, or opportunity to defend their rights in the premises.   Say that they knew of pendency of said suits long before any decree was rendered, and that according to the statute, it was the duty of complainants to come in and be made parties to said suits, and maintain their alleged rights, but that they neglected so to do, and were guilty of laches thereby.   Defendants ask the same benefit from this objection as if pleaded.

Admit rendering decree, and advertising by Ramsey, and postponement of sale, as alleged in bill; but deny that such sale, if made, will be a cloud on title of complainants, or prevent their trustee from selling, or will operate in any way to the wrong or damage of Ewing & Co.

Deny that possession of complainants, under said trust deed, was lawfully acquired, but say it was acquired by collusion with Perry & Dodds.

Admit that none of the contracts of petitioners were made until after making and recording of said trust deed; and admit that said liens cannot, by law, take precedence of said trust deed, as to the land; but defendants claim that, by the statute, no incumbrance on said land, created before or after the making of the contracts of these defendants, can or shall operate upon the buildings on said land, or on the materials furnished, until the liens of defendants have been satisfied.   That in this respect defendants did acquire, under their liens, a different and further

right and claim to said premises, than they would have acquired under a mortgage of same date, as the statute expressly gives them peculiar rights and privileges on the buildings, and on materials furnished.

Deny that the rights of complainants, under trust deed, would be affected by sale under decree in the lien suit, otherwise than is provided by statute; inasmuch as it is provided in said decree, that said Ramsey should only sell the right and interest of Perry & Dodds in the lands, at the time of making the contracts with petitioners, which was subsequent to making and recording trust deed, and the rights of all parties in the premises, of complainants as well as of defendants, are marked out and defined by the statute, in regard to mechanics' liens.

Say that long before said commissioner advertised sale under said decree, complainants were advised of all proceedings in said lien suits, and that at the time sale was advertised to take place, some of complainants were present, and had opportunity to protect their rights by paying amount of the liens; and when said premises were advertised second time, complainants might have protected themselves by purchasing for amount of the liens, as it was well known and understood that no one would bid more than that amount at said sale ; and the buildings were worth ten times the amount of said liens.

That defendants offered repeatedly to complainants, before filing of bill, to accept the amount decreed to be due defendants, and to assign to complainants the decree, which complainants refused to do, but offered to pay fifty per cent. for a full discharge of the claims of defendants under the decree.

Defendants are advised by counsel, and believe that complainants have not by their bill made or stated such a case as in equity ought to entitle them to the relief prayed for, or to any relief; and defendants pray same benefit from this objection, as if they had demurred to said bill.

Deny all combination, etc.

Replication to answer filed May 4th, 1859.

January term, A. D. 1860. Present, Hon. MARK BANGS, judge of 23rd judicial circuit. Final decree:

On this day, this cause coming on to be heard upon the bill, answer of defendants, Philetus W. Gates, Evander S. Warner, Thomas Chalmers, Archelaus G. Warner, David R. Fraser, Benjamin W. Raymond, Charles P. Raymond, and Thomas Wallace, and it appearing to the satisfaction of the court, that all the defendants have had due notice of the pendency of this cause more than ten days before the first day of the present term of this court, and the said John Renfrew, Alexander Crozier, Elijah Norris, John Norris, Lafayette L. Goudy, and Silas Ramsey, being each

three times solemnly called, come not to plead, answer, or demur to said bill ; it is, therefore, considered by the court that said bill as to these defendants, be taken for confessed. And the court having heard the motion by the defendants, made herein, to dissolve the injunction, and having overruled said motion, proceeded to hearing upon bill, answer and proofs, and being fully advised in the premises, is of opinion that Theodore Perry and Joseph L. Dodds were, March 2nd, 1857, the owners of lot 8, south half of lot 5, and south half of north half of lot 5, in block 7, etc., on which were a flouring mill and other improvements, then of the value of $40,000, and that Perry & Dodds made to W. L. Ewing & Co. a deed of trust, to secure a permanent loan of $7,000, and such further sums as said Ewing & Co. might from time to time advance, not exceeding $20,000 ; that in pursuance of the provisions of said trust deed, and the agreements accompanying the same, for the loan of said money, as mentioned in said bill, said Ewing & Co. loaned and advanced to said Perry & Dodds, upon the security of said property in said trust deed, from and before April, 1857, till October, 1857, inclusive, $28,301.48. That said trust deed was filed for record March 6th, 1857, and Ewing & Co. took possession under said trust deed on or about October 1st, 1858, and still retain possession, said Perry & Dodds having failed to comply with all the terms and conditions of said trust deed and agreements by which they forfeited their right to possession.

It further appearing to the court, that after making and recording of said trust deed, said defendants (excepting said Ramsey,) made certain contracts with said Perry & Dodds to furnish materials and labor on said lots, which were furnished after that time, and between that time and November, 1857, and that the money due for the work and labor was due and payable during the year 1857, and about the time of doing the work and furnishing the materials, and within a few days thereafter ; that at October term, 1857, said defendants (except Ramsey) filed their petitions for mechanics' liens on said property, against Theodore Perry and Joseph L Dodds ; and at the May term, 1858, Gates, Warner, Chalmers & Co., Raymond & Son, and Wallace, obtained a decree for the aggregate sum of $2,039.90 ; that Renfrew & Crozier, Norris & Norris, and Goudy, at the term last aforesaid, obtained a decree for a mechanics' lien against said real estate for the aggregate sum of $704.37 ; that by said decree, said Ramsey was appointed a commissioner to carry the same into effect, and was thereby directed to sell and convey said lots and the buildings and improvements thereon, and apply the proceeds of sale to payment of said liens, and overplus, if any, to Perry & Dodds ; and that

the purchaser be invested with possession upon conveyance to such purchaser. It further appearing to the court, that the complainants were not made parties to said petitions for mechanics' liens, and had no notice of the prosecution of said lien suits, or of said decrees, and that their rights were not provided for therein, and that said trust deed was in full force at time of rendition of said decrees, and that the legal title, under and by virtue of said trust deed, remains in complainants; the court being therefore of opinion that the decrees of said Circuit Court are erroneous, and tend to the injury of complainants, and tend to infringe upon their rights and title, and that the same should not be executed and enforced to the prejudice or as against the complainants.

It is therefore ordered, adjudged, and decreed by the court, that the injunction herein be perpetuated, and that defendants, their agents, etc., be restrained and enjoined from enforcing said decrees, and from interfering with the rights and possession of complainants in and to the said property. Ordered that complainants recover costs, etc.

To the rendering of which decree, defendants then and there objected and excepted.

G. SCOVILLE, for Plaintiffs in Error.

W. B. SCATES, for Defendants in Error.

CATON, C. J. Ewing & Co. were not parties to the lien suit, and were not bound by that decree. They may contest that decree in this mode.

We are of opinion that the Circuit Court should not have stopped short upon granting the injunction to restrain the sale decreed in the mechanics' lien suit, but it should have gone on and settled the rights of the parties. The deed of trust constituted a first lien upon the premises, and improvements thereon at the time the trust deed was recorded; but the statute gives the mechanics and material men liens, paramount to the trust deed, upon the improvements made by them upon the premises, and the court should have ascertained, by reference or otherwise, the value of these improvements as compared with the whole value of the premises, and given to the petitioners in the lien suit their due proportion of the proceeds of the premises, according to the provisions of the statute. The petition in that suit is not obnoxious to the objections suggested. It shows when the money was payable, and when the contracts were made, from which we can see that the petition was filed in time.

The decree must be reversed and the suit remanded, with directions to the Circuit Court to proceed as here suggested.

*Decree reversed.*