State, ex rel. Malady, v. Judge of Seventh District Court.

The relator thereupon applied to this court for a writ of prohibition, to stay further proceedings in the lower court.

Article 146 of the Civil Code provides that: "If the wife has not a sufficient income for her maintenance during the suit for separation, the judge shall allow her a sum for her support proportioned to the means of the husband."

This right is incident to the action for separation from bed and board. It may or may not arise. Where it does arise, no rule of practice requires that it shall be set up in the original suit for separation. In this case, it seems it was done, but it was not passed upon by the lower court. It constitutes no part of the judgment appealed from, and is therefore not a subject matter over which the district court lost jurisdiction by the appeal. 7 M. 2; 10 Rob. 152.

The wife, having the right to claim, under the conditions stated, a maintenance "during the suit for separation," may interpose this claim at any time before a final decree of the appellate court. We see no reason why, in the present case, where the district court has not passed upon the question, the wife should be debarred the right of prosecuting this incidental demand after the rendition of the judgment. Her manner of proceeding by rule was not objected to in the lower court. The final termination of the suit may be protracted for some time to come.

The counsel of the relator argue that the decree of the lower court granted the wife revenues of certain property in lieu of the alimony claimed, and that she is estopped thereby. We do not so understand the judgment of the district court. It directs that the husband and one Mary B. Caldwell account for the rent of certain described property since the institution of the suit for separation. This accounting for rents is intended to be brought into the general settlement and partition ordered by the court to be made between the parties. It makes no provision for relieving the immediate necessities of the wife.

We think it will best comport with law and equity to permit the wife to establish, by competent evidence, her right to the maintenance she claims, if she is entitled to it, and to this end, it is ordered that the rule taken in this case by the relator be discharged, at his costs.

---

No. 2330.—SUCCESSION OF NICHOLAS MARKEY.—ON OPPOSITION TO ACCOUNT.

The vendor of an immovable, in the settlement of the succession of the vendee, is entitled to be paid in preference to every other claim, except those charges which have been necessary to procure the sale of the thing. Of these charges attorneys' fees form no part.

APPEAL from the Second District Court, parish of Orleans. *Duvigneaud*, J. *Charles Louque*, for administratrix, appellee. *Hornor & Benedict*, for opponent, appellant.

HOWE, J. This case is related to that of Graham v. Succession of

Markey, just decided. The sale attempted to be made under execu-
tory process, having been prevented by the suspensive appeal taken
from the order dissolving the injunction, a rule was taken by creditors
·on the administratrix, and a regular probate sale was made. An
account was filed, showing no assets save the proceeds of this sale of
the land, which was subject to Graham's mortgage and vendor's priv-
ilege. Graham opposed the account on several grounds, claiming that
he should be allowed a larger sum for interest; that he should be
allowed his costs and attorney's fees in the executory process above
mentioned, and that he should be paid by preference to all other cred-
itors. He also opposed other items, but in the view we have taken of
the case, we do not deem it necessary to pass on these. As vendor,
the appellant, Graham, is entitled to be paid in preference to every
·other claim, except those charges which are necessary to procure the
sale of the thing. 13 La. 8 ; 2 R. 280, 527 ; 11 An. 469. He is entitled
to interest, as stipulated in the note, at eight per cent. per annum,
from May 21, 1867. He is not, however, entitled to costs of his exe-
·cutory process, it having been decided that it was issued improperly.

The judgment of the court below must be modified. It is therefore
ordered that the judgment appealed from, so far as it dismisses the
opposition of James Graham, be avoided and reversed; that said
opponent be placed upon the account for the sum of $600, with interest
·at eight per cent. per annum from May 21, 1867, and paid in preference
to all other items of said account, except law charges proper (of which
·attorneys' fees form no part), commissions of administratrix, and actual
expenses of sale, and that, as thus amended, the said judgment be
·affirmed, the costs of appeal to be borne by the succession.

---

ON APPLICATION FOR REHEARING

Howe, J. There is a clerical error in our judgment, which we may
·correct without granting a rehearing. It is therefore ordered that the
said judgment be corrected, so as to allow to the opponent, Graham,
interest only from November 24, 1868, at the rate of eight per cent.
per annum till paid, and that the rehearing be refused.