PORTER, WHITE & McLAUGHLIN, Respondents, *v.* JAMES H. TOOKE AND FANNIE TOOKE, Appellants.

*Practice—Pleading—Mechanic's Lien.*—A petition to enforce a lien under the law specially applicable to St. Louis county, must show that the contract was made with some one having an estate or interest in the land, and also who was the owner of the land on which the building was erected. (Acts 1857, p. 668.)

*Appeal from St. Louis Law Commissioner's Court.*

Plaintiffs below brought suit against the appellants, defendants below, and in their petition alleged, that at the

time of the accruing of their account, set forth or referred
to in their petition, they were co-partners, doing business un-
der the name and firm of White & McLaughlin; that the de-
fendant, James H. Tooke, owed them one hundred and
twenty-one dollars and thirty cents, for materials furnished
and plastering a two-story brick building for said James H.
Tooke, at his request; that an account thereof was filed
marked "A."; that plaintiffs were the original contractors
for doing the plastering and furnishing the materials in said
account mentioned; that said plastering was done on, and
said materials were used in a two-story brick building erected
by said James H. Tooke, on land described in the petition,
located in St. Louis county, Missouri, which land the plain-
tiffs learned, after doing the work and furnishing the mate-
rials, the defendant Fannie Tooke was the supposed owner,
wherefore she was made a party to the suit; that for the
purpose of obtaining the benefit of "An act entitled an act
for the better security of mechanics and others erecting
buildings and furnishing materials for the same in the
county of St. Louis," approved February 14, 1857, plain-
tiffs, within six months after said indebtedness accrued,
to-wit, on the 15th of December, 1860, filed with the clerk
of the Land Court of St. Louis county a just and true
account of the demand due them after all just credits had
been given, and a true description of the property (or so near
as to identify the same) as the land upon which the lien was
intended to apply, with the name of the owner so far as
known, verified by affidavit of Robert McLaughlin, one of
the plaintiffs; that a certified copy of said lien was filed with
the petition in the Law Commissioner's Court. Plaintiffs
prayed judgment for one hundred and twenty-one dollars
and thirty cents, with interest from August 5, 1860, and
costs of suit, with a special judgment on said lien according
to law.

*Martin & Bell*, for appellants.

I. The only connection between James H. Tooke and the

premises described in the petition, is to be found in the following allegation: " That the materials were furnished and plastering done by them on a certain two-story building *erected* by James H. Tooke on" the premises aforesaid.

This is no allegation that James H. Tooke had any interest or estate in the premises. It is not alleged that he had even a tenancy at will, much less an estate that would justify him in encumbering the property with a lien; it is not alleged that he was owner of the premises in any sense of that term.

II. It appears in the allegations of the petition that the materials were furnished and labor done by the plaintiffs, for James H. Tooke; it is alleged that they were original contractors, and the only contract set forth or implied is the contract with James H. Tooke. They say he is indebted to them for the materials and labor.

III. There was no privity of contract between Fannie Tooke and the plaintiffs; for it is alleged in the petition, that *since* the materials were furnished and work done the plaintiffs learned that she was owner of the premises. She was, therefore, joined, not because she had contracted with plaintiffs for the materials and labor, but because she was found to be owner of the premises which were to be affected by the lien. Nor is there any contract or privity of dealing between James H. Tooke and Fannie Tooke. James H. Tooke was neither owner, nor had he any authority from the owner of these premises to encumber them with a lien.

*G. S. Van Wagoner*, for respondents.

By reference to the petition, the court will perceive that the plaintiffs below set out every allegation necessary to maintain their action against the defendant, James H. Tooke; (this is not denied by appellants;) then, so far as he is concerned, the motion was properly overruled.

The petition avers that the materials were furnished and plastering done for defendant, James H. Tooke, at his re-

8—VOL. XXXV.

quest, and that he employed plaintiffs to erect for him said building on the land described therein.

In a suit between the original contractor and a party who employs employs him to erect a building, there is no necessity ·to state in the petition that the party employing the original contractor is the owner of the land on which the building is erected, or what interest he may have therein. The legal presumption is, that the party employing the contractor to erect a building is the owner, or has such an interest therein as will justify him in erecting the building. To presume otherwise, is a violation of common sense.

This case does not come within the· case of Squires v. Fithian, 27 Mo. 134.

DRYDEN, Judge, delivered the opinion of the court.

The petition in this case fails to state facts sufficient to constitute the cause of action for which the judgment was rendered, in that it does not appear who was the owner of the land on which the building sought to be charged with the lien was erected; and especially in that it does not appear that the building was erected under any contract with any one having any interest or ownership in the land to be charged; and for this cause the judgment must be reversed.

Judgment reversed and cause remanded; the other judges concurring.