RICHARD F. BRIDWELL, Plaintiff in Error, *v.* HENRY L. CLARK *et als.*, Defendants in Error.

*Mechanic's Lien—Contractor—Priority.*— The contractor or mechanic cannot by his lien acquire any greater estate in the premises than the person who employed him possessed. If the owner of the premises has given a deed of trust for part of the purchase money, the mechanic's lien is an encumbrance subsequent to such deed, and a sale under the deed divests the lien.

*Error to St. Louis Land Court.*

*C. C. McLure,* for plaintiff in error.

By the provisions of the mechanics' lien law for St. Louis county, every mechanic who performs work or furnishes materials shall have a lien on the improvement for the work done and materials furnished and the ground on which the building is erected ; and it matters not by whom he was employed to do such work and furnish the materials—Sess. Acts 1856–7, p. 668, § 1. This lien is preferred to all others subsequent to commencing the work—Id. p. 669, § 5.

Whether or not Lucas & Hunt's deeds of trust on the ground upon which the houses were built by plaintiff Bridwell are to be preferred to the mechanic's lien on the ground, yet there can be no doubt as to the mechanic's lien on the buildings alone ; for the law intended to protect the mechanic who did the work and furnished the materials for the work done, &c., independent of the owner of the ground. If it were otherwise, why does the 1st section of the act referred to protect the builder in his lien on the buildings even when employed by any person who may not own the ground, or even have an interest in it ?

It is plain that the mechanic's lien is protected on the improvements, at least by § 20. Where the improvements are erected on leasehold property, and the lessee fails to protect his lease, and the lessor comes into possession, the mechanic's lien holds the improvements, and the builder may recover the same—Sess. Acts 1856–7, p. 668, § 2. This principle applies in this case—Gillespie v. Bradford, 7 Yerg. 168.

Bridwell v. Clark et als.

The execution to support the lien is a special *fieri facias*, and may be levied on the real or personal property subject to its payment, or on the improvements as in this case—p. 670, § 14. The sales under Clark's deeds of trust to Lucas & Hunt's trustees make no change in plaintiff's rights; the sales were made after suit was commenced and after plaintiff's lien had attached.

*Glover & Shepley*, for defendants in error.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff commenced his suit in the St. Louis Land Court against the defendants to enforce a mechanic's lien on certain property situated on Olive street. It appears that James H. Lucas and Ann L. Hunt conveyed to the defendant Clark a piece of ground on which the buildings were erected, for the purpose of having buildings constructed thereon, and that Clark made and executed his deed of trust to Henry L. Turner and John E. Yore as trustees to secure the payment of part of the purchase money. The first deed was acknowledged on the 16th of December, 1859; the deed of trust was acknowledged on the 22d of the same month, and both deeds were admitted to record on the same day.

On the 20th of December, 1859, Clark contracted with the plaintiff to furnish materials and build ten three-story brick houses, on the ground purchased, for the sum of $40,000; but the work on the ground was not actually commenced till in March succeeding. Plaintiff completed the building of the houses according to contract; Clark failed to make payment for part of the purchase money, and became insolvent.

Plaintiff filed his lien on the property under the mechanics' lien law, and duly prosecuted his suit for judgment to foreclose his lien. Subsequent to the commencement of the suit, Lucas & Hunt had the lots sold under the deed of trust to pay the balance of the purchase money due from Clark to them, and the property was purchased by several individuals, who were made defendants by an amended petition.

The Land Court gave judgment against Clark for the

amount of the plaintiff's claim, but refused a special judgment constituting a lien on the property, and from that decision and judgment plaintiff prosecutes his writ of error.

The mechanics' lien law, which applies to St. Louis county alone, gives to every mechanic, artisan, workman, or other person, *doing or performing* any work upon or furnishing any materials for buildings or other improvements, or for repairing the same, a lien upon the same to secure payment for such work done or materials furnished, and also upon the ground upon which the same may have been erected, done or furnished, and as much more thereof as may be necessary for the convenient use and occupation of the same, whether he or they be employed by the owner, agent, contractor, subcontractor, or other person, each for his own work done and materials furnished—Sess. Acts 1856, p. 668, § 1. This act is very broad and comprehensive in its scope, and was intended to furnish the most ample security to artisans, mechanics, workmen, and other persons, who had expended their labor and money towards improving and enhancing the value of property. In the case of Squires v. Fithian, 27 Mo. 134, it was held that the local lien law of St. Louis, which was enacted in 1843, did not confer a lien where the person for whom the building was erected had no interest in the premises, but was a mere tenant at will. That act merely applied to leases, but this act also makes provision for securing liens on leasehold estates, and extends its operations far beyond any other statutory law which has existed on the subject, and undoubtedly was intended to supply all deficiencies in prior enactments. Under this law it has been decided, that to enforce a lien it must be shown that the contract was made with some one having an estate or interest in the land, and also who was the owner of the land on which the building was erected—Porter v. Tooke, 35 Mo. 107. And this is unquestionably a correct exposition of the law, for it speaks of mechanics, artisans and workmen being employed by the owner, agent, contractor, &c.; that is to say, the agent or contractor under the owner.

This case, then, presents the naked question, whether Clark, who owned the equity and was grantor in the deed of trust, could make a contract with a material man which would be good and valid to give a lien, filed by him, priority over the legal title vested in the trustees, and which would attach on the premises as a precedent encumbrance when they were sold under the deed of trust for the purchase money. The contractor or mechanic cannot claim to hold any greater estate in the premises than the person who employed him possessed. And, therefore, where a grantor of ground let on a perpetual lease, for the purpose of being built on, enters for nonpayment of the ground rent, he will necessarily hold paramount to mechanics' liens. Or where the person in possession has an equitable title, those liens will be postponed to the vendor's claim for the purchase money—O'Conner v. Warner, 4 Watts & S. 227.

The rule *caveat emptor* will apply here as well as in the case of a vendee. If a contractor proposes erecting buildings, furnishing materials, or putting labor on a lot of ground, it behooves him to examine and assure himself of the fact that the person with whom he contemplates making the contract, or for whose benefit he is about to employ his means or labor, has such an interest or title as will enable him to avail himself of a valid lien.

Under our system of registration a little diligence will always impart to the party the requisite information; and, if he fails to inform himself, the law will not relieve him against the consequences of his own negligence. We are satisfied that this is a case of great hardship, but we are powerless to afford a remedy.

We are asked if we cannot give a lien against the whole property to make it attach to the buildings, but we know of no provision of law justifying such a proceeding. A lien may be had against the buildings in case of leasehold property, but that has no application here.

The judgment will be affirmed.

The other judges concur.