JUNE TERM, 1869. 563

Shaw and another vs. Allen and another, impleaded, etc.

SHAW and another vs. ALLEN and another, impleaded, etc.

PLEADING : *Complaint for a mechanic's lien, &c.—Effect of verdict for plaintiff, when no cause of action is stated in complaint.*

1. A complaint for a mechanic's lien should state, *independently of the petition*, all the facts necessary to show a cause of action; even though the petition is annexed, and is declared to be "made part and parcel" of such complaint.
2. Such a complaint should describe the property to be charged, and allege not only that materials or labor of the plaintiff were furnished to defendant, and by him used upon said property, but also that defendant *had an interest in the property.*
3. A verdict "for the plaintiff" generally, will not authorize a judgment to enforce such a lien, where the complaint does not show plaintiff entitled thereto.
4. Where the verdict does not authorize a judgment injurious to defendant, it affords no ground for a new trial.

APPEAL from the Circuit Court for *Chippewa* County.

On the 25th of February, 1865, the plaintiffs filed their petition for a lien, for the price of certain labor and materials upon a certain mill and the interest of one Fisk in the land on which it was situate. The petition described with particularity the land in question, and stated that the materials and labor were furnished and performed within a certain specified period, for and at the request of Fisk, and that he had, during that period, and still had, an interest in the "real estate and mill premises" so described. In August following, plaintiffs brought this action against said Fisk and *Hannah Allen* and *Laura Allen.*

The petition above mentioned was referred to in the complaint, and annexed thereto, and is declared to be "made part and parcel" thereof. The other averments of the complaint are stated in the opinion. *Hannah* and *Laura Allen* are alleged to have some interest in,

or claim upon, the premises ; but the same is alleged to be subordinate to plaintiffs' lien. *Hannah* and *Laura Allen* answered, denying that Fisk had ever had any title to, or interest in, the property, and alleging that they were themselves joint owners of the whole thereof at the times mentioned in the complaint, and still were so.

The jury found a verdict "for the plaintiffs ;" and *Hannah* and *Laura Allen* appealed from the order denying a new trial.

*Cousins & Bartlett* and *A. K. Gregg*, for appellants.
*A. Meggett*, for respondents.

CoLE, J.    We are really unable to see how the appellants were prejudiced by the order of the court refusing a new trial. The jury say they "agree on a verdict for the plaintiffs." Now what judgment will such a verdict authorize? Manifestly only a judgment for the cause of action stated in the complaint. But what is that cause of action? It has been assumed that it was for a mechanic's lien upon the interest of James D. Fisk in certain mill property. It is alleged that certain materials were furnished him by the plaintiffs, which were used by him "in the erection, construction and completion and repairing of the mill premises described in paper B," annexed to the complaint. So the proceeding is one for enforcing a lien upon the ground that Fisk was owner, or part owner, of the property. But it is not even alleged in the complaint that Fisk had any interest whatever in the mill premises. It is true that, in the prayer for judgment, it is asked that judgment be rendered for the amount claimed, naming the amount, "and that the same be declared a lien upon the said saw-mill building, and upon all the right, title and interest of the said defendant Fisk in said described land, upon the day of the commencement of said labor," etc. This is the only matter stated in the complaint to

show that James D. Fisk had any right, title or owner-
ship in the mill property. And the question is, Will
such a complaint support a judgment for a mechanic's
lien? It seems to us not. A suit to enforce a mechan-
ic's lien, and to charge the estate with an incumbrance,
is in the nature of a proceeding *in rem*, as well as of a
personal action. The complaint, therefore, should con-
tain some description of the property to be charged with
the lien. It should further contain, where the materials
furnished, or labor performed, are on account of the
owner, an allegation that such person has an interest in
the property to be charged. It seems to us that such
allegations are essential in the complaint, in order to
support a proper judgment. We do not think the de-
fect in the complaint in these particulars was cured by
a reference to the petition. The complaint ought to
contain a cause of action independently of the petition.
And as it did not, in this case, we do not think any
judgment for a mechanic's lien could be rendered upon
the verdict. Consequently, as there was no cause of
action stated in the complaint which could affect the
appellants in any way, they could not be prejudiced by
the order refusing a new trial.

*By the Court.* — The order of the circuit court is
affirmed.