CIRCUIT COURT FOR MULTNOMAH COUNTY, NOVEMBER TERM, 1871.

### W. F. WILCOX v. M. KEITH et al.

MECHANIC'S LIEN.—In a proceeding to enforce a mechanics' lien under the statute, the complaint should show that the contract was made with an owner or his agent.

IN a proceeding under the statute to enforce a mechanics' lien, the complaint alleged that the contract was made with said M. Keith, as owner of the building. The defendant demurred.

BY THE COURT, UPTON, J. It is a material point that the contract be made with the owner of the building, and unless it is so made there is no lien. The complaint should show every fact requisite to establish the existence of the lien. It should be direct and certain as to the allegation that the contract was made with the owner of the building; or, to use the language of the statute, it must be made with the owner of the building, "or with the agent of such owner."

---

CIRCUIT COURT FOR MULTNOMAH COUNTY, NOVEMBER TERM, 1871.

### WILLIAM MAROONEY, RESPONDENT, v. JAMES McKAY, PETITIONER.

PRACTICE.—By the summons it appeared that the court was held in Couch precinct, in Multnomah County; in the return, the constable described himself as, "constable of Couch precinct," without naming the county; the return was held sufficient.

IDEM.—A copy of the complaint, certified by the justice of the peace, is sufficiently certified to authorize its service with the summons.

THE plaintiff obtained judgment before a justice of the peace in an action for work and labor, and the case comes into this court upon a writ of review on petition of the defendant.

In the return on the summons the constable gives his official title, "constable of Couch precinct," without naming the county.