CHARLES H. PECK ET AL., Respondents, *v.* RICHARD F.
BRIDWELL ET AL., Appellants.

January 21, 1879.

A petition in an action on a mechanic's lien, which fails to state, at least by
necessary implication, that the improvement was erected under a contract
with one having an interest or ownership in the land to be charged, does
not state facts sufficient to constitute a cause of action, and is not aided by
verdict or by the statute of jeofails.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

JOHN JOHNSON, for appellant. Card: The petition was
insufficient. — *Porter v. Tooke*, 35 Mo. 107; *Kuhleman v.
Schuler*, 35 Mo. 142; *Fitzgerald v. Thomas*, 61 Mo. 499.

D. D. DUNCAN, for respondents.

BAKEWELL, J., delivered the opinion of the court.

This is an action for the enforcement of a mechanic's
lien. The petition alleges that at a date named the plain-
tiffs were copartners; that at the same date defendant
Bridwell, under a contract between himself and defendant
Porter, began to erect six two-story buildings on a lot of
land described, " which tract is owned by " defendant Por-
ter; that Bridwell erected the buildings under the contract;
and that plaintiffs, at the request of, and under contract
with, Bridwell, furnished for the erection of said buildings,
between certain dates named, certain lumber, of which the
particulars are set out; that the balance claimed remains
due; that, within four months after said indebtedness
accrued, plaintiffs filed in the clerk's office of the Circuit
Court, verified by the affidavit of plaintiffs' agent, a just
and true account of the amount due, with a description
of the property "so owned by defendant Porter," with
the name of R. F. Bridwell as contractor and of said C. C.
Porter as owner, for the purpose of securing a lien thereon

under the statute ; that ten days before the filing of the lien the plaintiffs served a notice upon Porter, the owner of the buildings, etc.

Bridwell made default. Defendant Porter denied that any materials were furnished under the contract alleged, and denied that any lien was filed. Nathan Card was by leave of court made a party defendant, and filed a separate answer, claiming to own the property described, and denying that plaintiffs furnished any materials under the alleged contract ; and says that any materials furnished by plaintiffs were furnished on the credit of one Mason, and not on account of Bridwell and Porter, and denies that any lien was filed. The new matter in this answer was denied by a a reply,. and the action was dismissed as to Porter. The cause was tried by the court, and there was a finding for plaintiffs against Bridwell, and a special judgment against the property described, as the property of Card. A motion for a new trial and a motion in arrest were overruled, and plaintiffs appeal.

One of the grounds of the motion in arrest is that the petition does not set forth facts to constitute a cause of action.

The act (Wag. Stats. 907, sect. 1) gives a lien to the mechanic who does work or furnishes materials for any building under or by virtue of any contract with the owner thereof. There can be no doubt that it is essential to aver and prove that the person with whom was made the contract by virtue of which the lien was claimed was, at the time the contract was made, the owner of such an interest in the land as a lien would attach to. The petition in this case fails to state facts sufficient to constitute the cause of action for which this judgment was rendered, if it does not appear from the petition that the building was erected under a contract with any one having an interest or ownership in the land to be charged. *Porter* v. *Tooke*, 35 Mo. 107. The allegations that Porter was the owner at the time the suit was com-

menced, that the lien was filed against him as owner, that he was owner when the notice was filed, are not statements that he was owner when the contract was made. The objection seems to go to the foundation of the plaintiff's right of action.

Nor is this material fact, not stated, necessarily implied from any other statements of the petition. But where a fact essential to the right of action is not expressly stated, nor necessarily implied from facts that are stated, the declaration is bad, and is not aided by verdict. Verdict aids only the defective statement of a good title, and the statute of jeofails is only a declaration of the common-law rule in this respect. Wag. Stats. 1036, sect. 19 ; *Welch* v. *Ryan*, 28 Mo. 30. Where no cause of action is stated, it cannot be presumed that it has been proved, and the omission is not therefore cured by verdict. The defective petition which will support a verdict must contain every material allegation necessary to be proved, at least in terms general, so as to comprehend the statement in a fair and reasonable intendment. *Langdorf* v. *Sanger*, 40 Mo. 164; *Shaw* v. *Allen*, 24 Wis. 563 ; *Black* v. *Rogers*, 36 Ind. 420.

In an action on a mechanic's lien, the statutory averments are material ; they are the essential facts that show the claim to be one protected by the lien. It has been held that where the complaint alleged that the contract was made with M. R. as owner, this was no averment that M. R. was owner, or that the contract was made with the owner ; and the defect was fatal. *Wilcox* v. *Keith*, 3 Or. 372. In the case before us there is no evidence, and from the insufficiency of the petition there is no admission on the pleadings, that the contract was made with the owner of the building.

The judgment of the Circuit Court is reversed and the cause remanded. All the judges concur.