NELSON COLE ET AL., Respondents, *v*. SAMUEL BARRON
   ET AL., Appellants.

March 30, 1880.

1. Where the petition in an action by a subcontractor to enforce a mechanic's lien alleges generally that one was owner and another original contractor, it is fair to assume that the original contract was with the owner, and, after verdict, such a petition will not be regarded as fatally defective.

2. The omission of the year in the date of an account filed is not fatal to the claim, when the account is otherwise full and explicit as to dates.

3. A verdict finding a mechanic's lien, without naming the parties except in the caption, is sufficient to warrant a judgment against the contractor, where his indebtedness is admitted, and where he is the only defendant against whom a judgment is claimed.

4. The title is not material, and the erection of the house is, in the absence of contrary proof, sufficient to warrant an inference that the owner of the house had such an interest in the land as would warrant a lien.

5. Where improvements are made under a general and informal agreement, without specifications, whether additional work done by order of the owner is done under a new contract is a question for the jury, under proper instructions.

APPEAL from the St. Louis Circuit Court.

*Affirmed.*

E. J. WHITE, for the appellants : The verdict must find all the issues ; it must find either for or against all the defendants, or the judgment predicated upon it will be arrested. Nor will such a defect be helped out by intendment.— *Jewett* v. *Davis*, 6 N. H. 521 ; *Stearns* v. *Barrett*, 1 Mason, 170 ; *Schweickhardt* v. *St. Louis*, 2 Mo. App. 571. There must be an allegation of a contract with the owner.—*Peck* v. *Bridwell*, 6 Mo. App. 451. The omission of the year in the account was fatal to the lien.— 3 Phila. 110 ; *Witeman* v. *Walker*, 9 Watts & S. 185. To warrant a lien for additional work, it must be done under the original contract.— *Mead* v. *Brotherton*, 31 Mo. 201 ; *Sawyer* v. *Railroad Co.*, 37 Mo. 262, 263 ; *Ellis* v. *McPike*, 50 Mo. 575 ; *Raysdon* v. *Tumbo*, 62 Mo. 38 ; *Schulenburg* v. *Vrooman*, 7 Mo. App. 133 ; *Livermore* v. *Wright*, 33 Mo. 31. The time for cre-

ating a lien cannot be extended by intendment or construction, or by the aid of the doctrine·of relation, or by attaching one item of account to another, so as to bridge over the lapse of time.— *Spencer* v. *Barrett*, 35 N. Y. App. 97; *Phillips* v. *Duncan*, 3 Am. Law Reg. 306; *Hubbell* v. *Schryer*, 4 Daly, 383; *Holden* v. *Winslow*, 18 Pa. St. 160; *Miller* v. *Batchelder*, 117 Mass. 179; *Yearsley* v. *Flanigen*, 22 Pa. St. 491; *McGilway* v. *Jarvis*, 87 Pa. St. 414; *Scott* v. *Cook*, 8 Mo. App. 193.

A. R. TAYLOR, for the respondents: The lien as filed was a substantial compliance with the statute.— *McWilliams* v. *Allan*, 45 Mo. 574; *Dewitt* v. *Smith*, 63 Mo. 266; *Hassett* v. *Rust*, 64 Mo. 325. The verdict was a complete response to the issue.— *Caldwell* v. *Stephens*, 57 Mo. 589.

BAKEWELL, J., delivered the opinion of the court.

This was an action by the subcontractor against contractor and owner, to establish a mechanic's lien. There was a verdict and judgment for plaintiffs.

Defendants moved in arrest of judgment, on the ground that the petition does not set forth facts sufficient to constitute a cause of action, and also that the verdict does not find all the issues.

1. The petition alleges that "plaintiffs are, and at the times hereinafter named were, partners in business under the firm-name of Cole & Glass; that at said times Herman Konert was the owner of the lot and building hereinafter described, and Samuel Barron was the original contractor for the erection of the building and improvements hereinafter mentioned; that plaintiffs, as such firm, at the special instance and request of said Barron, contractor as aforesaid, sold and delivered to him as such original contractor, for the purpose of being used in the erection of the building hereinafter described, material, the value, prices, and times of delivery of which are stated in the account as follows." Then follows an itemized account, with dates and prices. The dates range

from June 20, 1877, to September 29, 1877, when the last items were furnished. The petition then proceeds with the other necessary allegations.

It is contended that there is here no allegation of a contract between Barron and the owner of the building. The allegation is that Konert was the owner of the building, and Barron original contractor for its erection. It is a fair and reasonable implication that the original contract was with the owner. In fact, any other contract for its erection must have been a subcontract. It is said that there is no allegation that Konert was owner at the date of the contract. The reference to the dates in the bill of particulars seems to be explicit enough. The petition is sufficient, we think, to sustain the verdict. The case is not at all like *Porter* v. *Tooke*, 35 Mo. 107, or *Peck* v. *Bridwell*, 6 Mo. App. 451. In each of those cases there was no allegation at all as to the ownership of the building — a substantial omission, which was not aided by verdict.

2. It is objected that the account filed in the clerk's office as the foundation of the lien states no time at which the materials were furnished. The account is full and particular, and marks the months and days of the month; but the year is omitted. As to this there could be no mistake. If the items were over four months old, the right to a lien was gone. We are referred to a Pennsylvania case in which the omission of the year has been held fatal to the lien. But the Pennsylvania statute expressly requires that the dates should be given in the claim filed. *Rehrer* v. *Zeigler*, 3 Watts & S. 258. Our statute requires " a just and true account." If the days of the month are given at which each item is furnished, the account, so far, is "just and true" within the meaning of the statute, and every object of the law in this respect is fulfilled.

3. The verdict, after giving the style of the case in full, with the names of all the parties, was as follows : " We, the jury, find the plaintiffs are entitled to a mechanic's lien, and assess their damages at the sum of $565.81." This, it

is said, is no finding as to defendant Barron, the contractor; and we are referred to *Schweickhardt* v. *St. Louis*, 2 Mo. App. 583. But that was a very different case. There the jury found against some defendants by name, and said nothing as to others. Here, there was only one defendant against whom judgment could be entered, and the lien against the property could not be given unless plaintiffs were entitled to a judgment against him. The verdict, in effect, says that Barron owed plaintiffs $565.81 on account of the matters stated in the petition, and that facts constituting this indebtedness a lien upon the property of the other defendant had been proved. These were the issues in the case. Barron admitted his indebtedness on the trial; there was no controversy as to that : the only contest was as to the lien. There can be no mistake as to what the verdict means, and we think the judgment was properly entered upon it.

4. Appellants insist that there was no evidence that Konert owned the property at the date of the contract. Two witnesses for plaintiff swear that Konert was owner of the building. They are not cross-examined as to the statement; and this is all the testimony as to the ownership, except that it appears that Konert took possession when the building was completed, and that the premises were occupied by his tenants. The lien is given by the statute upon the building and any interest which the owner may have in the lot. If the owner of the building has no interest whatever in the lot, it is difficult to see how he can own the building. The question of title is not material in a proceeding to establish a mechanic's lien, and it is enough that there should be evidence from which the jury may infer that, at the time of the contract, the person with whom the principal contract was made had such interest in the land as may be inferred, in the absence of contrary proof, from his erecting a house upon it. A sale under the lien can only convey such interest as the owner of the house really has in

the land, and cannot affect the rights of persons not parties to the action. The witnesses in this case merely state that Konert was owner at the time they were working on the building, and it is argued that it does not, therefore, appear that he was owner when the contract with Barron was made. As we have seen, this is sufficiently alleged in the petition; and if defendant desired to show that the ownership of Konert originated subsequently to the contract, he should have interrogated the witnesses on this point. It is not pretended that such was the fact; and we think that enough appears as to the question of ownership to warrant inferences that will sustain the verdict on this point. It is not as if there was no evidence as to ownership, as was the case in *Porter* v. *Tooke, supra.*

5. The real controversy in the case was as to whether the last items in the claim, which were for certain coal-bins, were furnished under a separate contract to that for building the house. If these items, which were separated by an interval of more than two weeks from preceding items, are not allowed, the lien was filed out of date. It is claimed that there was no evidence that the lumber for the house and that for the coal-bins was furnished under one contract. The question was distinctly put to the jury by the instructions, and we think that the evidence warranted its submission to them. Barron announced to Konert that the house was finished, and Konert then and there told him to put up the coal-bins. The house was built under an informal, oral, general agreement and understanding, without specifications, and changes were made by the owner as the work progressed. The bins may have been an after-thought on the part of the owner; but if he, at the time the building was announced as completed, desired the contractor to put them up, and the contractor at once assented and proceeded to put them in, we do not see why they may not be regarded as necessary to the completion of the building according to the terms of the contract, which was not sufficiently definite

in its terms to exclude them.  There is here no question as to a lien being fastened upon the building without notice to the owner, by the doing of additional work at the instance of the contractor alone, when the owner has a right to suppose the building complete, as was the case in *Scott* v. *Cook*, 8 Mo. App. 193.  Nor was there clear and uncontradicted evidence that the original contract was executed and the transaction closed before these bins were ordered, as was the case in *Schulenburg* v. *Vrooman*, 7 Mo. App. 133.

Defendant's counsel asked a witness, " Are coal-bins, according to the acceptation and understanding among builders, regarded as part of a dwelling-house to be built under a contract, when they are not called for or specified in the contract itself, or in the plans and specifications ? " The question was excluded, and, we think, properly so.  This was aside from the question in controversy, which was whether, under a contract such as that before the jury, it must necessarily be taken that the ordering of coal-bins at the time the house was announced as complete was the making of a new and distinct contract, or whether this work might not well be referred to the terms of the original undertaking.

The court instructed the jury that, if they find from the evidence that the coal-bins were not included in the original contract between Barron and Konert, and that the items of September 29th were ordered under a new agreement, and that none of the other items were furnished within four months from the day of filing the lien, they must find against the lien ; and that, to find for the lien, they must find that the bins were either expressly or impliedly within the building-contract, if they believed that the lumber of September 29th went into the bins.

We think that the case was put to the jury on declarations of law of which appellant cannot complain, and our attention is not called to any error that warrants a reversal of the judgment.  It is therefore affirmed.  Judge HAYDEN concurs ; Judge LEWIS is absent.