HENRIETTA HEIDEGGER ET AL., Respondents, *v.* ATLANTIC MILLING COMPANY ET AL., Appellants.

### December 23, 1884.

1. MECHANIC'S LIENS — FIXTURES. — Bolting cloth which is made to form a part of the essential machinery of a flouring mill may, when placed in the mill, be a part of the freehold and subject to a mechanic's lien.

2. —— PRIOR INCUMBRANCES — SALES THEREUNDER. — Such a lien will attach only to the improvements, where the land has been sold under a prior incumbrance.

APPEAL from the St. Louis Circuit Court, HORNER, J. *Reversed and judgment.*

Overall & Judson, for the appellants.
Hugo Muench, for the respondents.

Lewis, P. J., delivered the opinion of the court.

This is an action to enforce a mechanic's lien upon the defendant's mill, for bolting cloths furnished by the plaintiffs. The cause was submitted to the court, without a jury, upon the following agreed statement of facts : —

1st. " That the several capacities of plaintiffs and defendants with regard to partnership, incorporation, and trusteeship, respectively, are as in the petition in this case alleged."

2d. " That the defendant, Atlantic Milling Company, was prior to December 11th, 1882, the owner in fee of the real estate in said petition described, and prior to said date, began the erection of the building thereon, designed, and afterwards used as a flouring mill, and subsequently, to wit: on said 11th day of December, 1882, executed to the other defendants the deed of trust, as in said petition also alleged."

3d. " That during the erection of said mill building, and on or before the 16th day of January, 1883, but after the execution and recording of the said deed of trust, plaintiffs upon the one side, and the milling company, through its president, George Bain, on the other, entered into the agreement to have plaintiffs furnish for said mill the material, bolting cloths, in said petition mentioned; and that the several amounts and dimensions of bolting cloths were, in consequence of said contract, furnished on the several dates, and at the prices in the account mentioned, which is filed with the petition in this case, and the same used and applied by said milling company as hereinafter more specifically set forth; and are now still in said mill building, and in use."

4th. " This bolting cloth was sold by the yard, and was by plaintiffs cut and prepared in sizes to fit the bolting-reels

in the mill, as hereinafter described, delivered in bundles on the dates stated, and taken by the milling company, and tacked tightly to said reels, making them ready for use in sifting flour in the process of manufacture."

5th. " The reels to which this bolting cloth was attached are hexagonal in shape, from 16 to 18 feet in length, by 30 inches in diameter, and 96 inches in circumference. Each of these reels, covered with this bolting cloth, is connected by wheels and shafts and belting with the machinery and steam power of the mill. There were forty-two reels in the mill, and they all were fitted with different sizes of bolting cloth, of different degrees of fineness, to operate together in making the different grades of flour manufactured in the mill, and these bolting reels thus covered with bolting cloth, are an essential part of the machinery for making of flour."

6th. " These bolting reels are inclosed in wooden chests, some holding two and some four reels, and one or more reels may be disconnected from its connection with the machinery of the mill, and removed without injury to the mill building."

7th. " The bolting cloth may be removed by extracting the tacks by which they are fastened, but they are not ordinarily removed unless worn out or injured, and their ordinary lasting quality is from one and a half to two years. When the mill is idle for a considerable time it is customary to take off the cloths from the reels to clean them and pack them away to keep off moths."

8th. " Plaintiffs filed their claim for lien and suit in due time, and if entitled to a lien for said materials, are entitled to interest from date of filing the same."

9th. " On 4th day of April, 1884, under the power of sale in the deed of trust mentioned in petition, the property described in petition, and herein sought to be charged with lien was sold to F. W. Meister et al. Said purchasers being now in possession of the property."

The court gave judgment for the plaintiffs, with the lien asked for, against the land and the erections thereon, as described in the petition.

The defendants object that bolting cloths, such as are described in the petition, can not be the subject of a mechanic's lien under the law.   They contend that the article does not come up to the requirements of our supreme court in *Graves* v. *Pierce* (53 Mo. 423), where the controversy related to carding machines.   " The machinery," said the court, " must be such as is used in the erection of a building, and which will, when placed in the building, erection, or improvement on land, become a fixture, and become a part of the realty, or at least such in the erection of the improvement to be made.   *   *   *   Carding machines are not usually affixed to the freehold or realty ; they are manufactured and sold as an article of merchandise, and are braced, or otherwise stayed, and are taken down and removed to another building when it becomes necessary by a sale or otherwise, without injury to the building in which they are placed."   We do not perceive that the comparison holds good, as discovered by the learned counsel for defendants, between the two sorts of furnishings here brought into view.   The carding machine is in itself a complete working apparatus, which may be transferred from one building to another and used anywhere in connection with a motive power, like a sewing machine, or a wheat fan.   It savors in nothing of a permanent incorporation with the realty.   But a bolting cloth is an inferior member, so to speak, of the mass of machinery which goes to make up the flouring mill, and this is itself part and parcel of the building erected and necessary for its practical use.   True, as the learned counsel say, it may be manufactured and sold as an article of merchandise. But the same may be said about the nuts, screws and bolts which upon being properly fitted become parts of an engine or machine permanently annexed to the realty.   So as to

the other suggested points of resemblance. They may all be correctly identified as such, and yet fail to overcome the essential differences which place the carding machine and the bolting cloth in separate categories. Burr mill-stones may be manufactured and sold as an article of merchandise — may be " taken out and removed when necessary, without injury to the building," and may have some other incidental attributee which learned counsel consider indicative of personalty not subject to a mechanic's lien. Yet it was held in *Wademan* v. *Thorp* (5 Watts, 115), that burr mill-stones furnished like any other part of the machinery, were subject to a mechanic's lien upon the mill. The rule is fairly stated in *Gray* v. *Holdship* (17 S. & R. 413), that " everything put into and forming part of the building or machinery for manufacturing purposes, and essential to the manufactory, is part of the freehold ; the wheels of the mill, the stones and even the bolting cloth, are parts of the mill and of the freehold," etc. The mistake in the argument for the defendants seems to lie in its assuming that certain incidents which may pertain to either personalty or realty, are proper tests for discriminating between the one and the other. The learned judge of the circuit court properly overruled the defendant's demurrer to the evidence.

The statute provides : " The lien for the things aforesaid, or work, shall attach to the buildings, erections, or improvements for which they were furnished or the work was done, in preference to any prior lien, or incumbrance, or mortgage, upon the land upon which said buildings, erections, improvements, or machinery have been erected or put ; and any person enforcing such lien may have such building, erection, or improvement sold under execution, and the purchaser may remove the same within a reasonable time thereafter." Rev. Stats., sect. 3174. The judgment entered below was erroneous in fixing a lien upon the land, which had been sold under the deed of trust — a prior

incumbrance. For this reason, the judgment must be reversed, and a judgment will be entered here, confining the lien to the improvements, in accordance with the statute. All the judges concur.