G. O. HALL ET AL., Respondents, v. ST. LOUIS MANU-
FACTURING COMPANY, Appellant.

St. Louis Court of Appeals, April 20, 1886.

| | |
|---|---|
| 22 | 33 |
| 37 | 672 |
| 22 | 33 |
| 41 | 230 |
| 22 | 33 |
| 45 | 372 |
| 22 | 33 |
| 53 | 79 |
| 53 | 320 |
| 22 | 33 |
| 57 | 17 |

1. MECHANIC'S LIENS—MACHINERY.—A mechanic's lien does not attach to the machinery placed by the mechanic in a building, but to the building of which it forms a part.

2. ——— MORTGAGES—PRIORITY OF LIENS.—A lien attaches for machinery furnished for the completion of a mill at the date at which it was furnished; and a mortgage upon the mill and lot at such time takes precedence of the lien on the lot, but is subject to the lien on the mill, which lien is not affected by the foreclosure of the mortgage.

3. ——— APPELLATE PRACTICE.—A lien account having been given in evidence without objection, and no items thereof having been pointed out to the trial court as not being subjects of lien, appellate courts will not examine the entire testimony for the purpose of determining whether the damages as to the lien were excessive.

APPEAL from the St. Louis Circuit Court, SHEPARD
BARCLAY, Judge.

*Reversed and remanded with instructions.*

G. M. STEWART and R. SCHULENBURG, for the appellant: A mechanic's lien will attach, subject to a mortgage already on the property; and such mortgage attaches to the land and to the improvements thereon at the time. *Haeussler v. Thomas*, 4 Mo. App. 463; *Reilly v. Hudson*, 62 Mo. 383; *Welch v. Porter*, 63 Ala. 225; *Hydraulic Co. v. Bormans*, 19 Mo. App. 664; *O'Brien v. Pettis*, 42 Iowa, ——; *Insurance Company v. Slye*, 45 Iowa, 615.

W. B. THOMPSON, for the respondent: The construction of the building by the Mullanphy Planing

Mill Company for the purpose and use of a planing mill or manufactory of sash, doors, and blinds, and all the machinery attached to said building, constitute fixtures for the furnishing of which a lien exists under the mechanic's lien law of the state. *Smith v. Phelps*, 63 Mo. 585 ; *Rodgers v. Crow*, 40 Mo. 91 ; *Fleitze v. Veakery*, 3 Mo. App. 593 ; *Seibel v. Siemon*, 52 Mo. 363 ; *O'Brien v. Hanson*, 9 Mo. App. 545 ; *Todd v. Duncan*, 9 Mo. App. 417. The evidence that the building was constructed for the use of manufacturing, and space left for the machinery furnished by the plaintiffs, and the building was, at the time, incomplete, and without sufficient equipment to operate the planing mill for which it was constructed, then the mechanic's lien attached for all the machinery furnished by the plaintiffs. *Gray v. Holdship*, 17 S. & R. 413 ; Overton on Liens, sect. 545 ; *Jones v. Swan*, 21 Iowa, 181 ; *McGreary v. Osborne*, 9 Cal. 119 ; Phillips on Liens, sect. 177 ; *Goodwin v. Elleardsville Hall*, 5 Mo. App. 289. The lien then extending to labor and materials furnished to a new building, to a completed building, and the only question then to be determined, does it extend to an unfinished building ? Manifestly such a lien is greatly to be preferred over a mortgage on such unfinished building. *Presbyterian Church v. Allison*, 10 Pa. St. 413 ; *Bailey v. Hull*, 11 Wis. 289 ; *Holden v. Winslow*, 18 Pa. St. 160 ; *Hazard Powder Co. v. Loomis*, 2 Disney (Cinn.) 544 ; *Fruesch v. Shryock*, 51 Md. 162 ; *Page v. Bettes*, 17 Mo. App. 366 ; *Hall v. Mullanphy Planing Mill Co.*, 16 Mo. App. 458. The defendants, in this case, rely on their title acquired under the existing mortgage ; but there is no decision that exempts the property from the operation of the lien. If the mortgage could be held to have a priority on the building, the mechanic still has a lien for the improvement he makes. *Smith v. Phelps*, 63 Mo. 585 ; *Crandall v. Cooper*, 62 Mo. 578 ; *Kansas City Hotel Co. v. Sauer*, 65 Mo. 288.

ROMBAUER, J., delivered the opinion of the court.

This is an action to enforce a mechanic's lien for machinery against certain mill property. The construction of the mill was first commenced in 1881, and in the fall of that year the mill was almost wholly destroyed by fire, and the greater part of the machinery rendered useless. In the winter of 1881, or early part of 1882, it was rebuilt on the original foundation, but on a more extensive plan, and in May, 1882, the then owners placed a mortgage upon it for $30,000, which was foreclosed by sale, after the filing of the plaintiffs' lien, but before this cause was tried.

The plaintiffs in this action are the parties who furnished the machinery sued for. The defendants, when the cause was tried, were the original mill owners, their statutory assignee, and the present owners of the property, holding title under the mortgage foreclosure sale. The trial resulted in a verdict for the plaintiffs for $1,691.97, against the original owners who bought the machinery, and for $1,441.35 against the property charged with the lien. The court, thereupon, rendered a general judgment for the first named sum against the party first named, and a judgment of lien against the mill building, and against the lot, whereon the same is situated, for the last named sum.

The party against whom the general judgment was rendered, does not appeal. The only party appealing is the present owner. There is no controversy touching the correctness of the account sued on, the only controversy is, whether the plaintiffs are entitled to a lien on the property, as against the present owners, and, if so, for what amount?

The first item in the account sued on, is of date January 4, 1883. The mill lot, mill building, and machinery, were at said date subject to the mortgage, of which plaintiffs had both actual and record notice. If the items of machinery, then and thereafter furnished,

were simply repairs of an existing structure, then, even though they might constitute a claim for a lien on the owner's equity of redemption, they would constitute no claim on the lot and building, entitled to priority as against the mortgage. *Haeussler v. Thomas*, 4 Mo. App. 463. If the claim is entitled to no such priority, then the judgment of lien can not be sustained, because the then owner's equity of redemption is extinct, and the sale under the mortgage in foreclosing that equity, divested the lien. *Bridwell v. Clark*, 39 Mo. 170.

The plaintiffs were aware of this, and for the purpose of establishing their lien as against the property, sought to establish, by the evidence, that the mill was not fully completed, either at the date when the mortgage was given or at the date when the items in the account were furnished, but that such items were essential to the completion of the mill.

The bulk of the testimony was confined to the trial of this issue, and while a careful examination of the record discloses that the weight of the evidence on that subject sustains the defendant's position, we are not prepared to say that the plaintiffs' position is wholly unsupported by substantial testimony.

As it was a question of fact and not of law, it was the duty of the court, if there was any substantial evidence to support it, to submit it to the jury for their determination.

The evidence, unquestionably, concedes that the bulk of the machinery sued for by the plaintiffs was new, and not the mere repair of old machinery, also, that the bulk of it was of a character, which, under the ruling of this court in *Heidegger v. Atlantic Milling Co.* (16 Mo. App. 329), would entitle the plaintiffs to a lien, both as against the mortgageor and the mortgagee.

This being the contention, and such the character of the testimony adduced, the court, on the plaintiffs' motion, charged the jury as follows :

The court instructs you that your verdict should contain:

"1. A finding as to the amount for which the Mullanphy Planing Mill Company is indebted to plaintiffs, which should be such aggregate sum as you find from the evidence to be the reasonable and fair St. Louis market value [at the time] of the various items of work and labor done and materials furnished, specified in the exhibit A, read in evidence, and which you so find were done and furnished by said plaintiffs to said mill company, at the order of the latter, and for which you find payment has not been made; including in said total sum, interest at six per cent. per annum, from August 6, 1883 [the date of the service of process on said mill company in this cause], on the sum found by you due, as aforesaid."

"2. Your verdict should then state your finding as to whether or not (under the evidence and the law as declared in these instructions) plaintiffs are entitled to a mechanic's lien on the three story planing mill building, commonly known as the Mullanphy Planing Mill, on the northwest corner of Tenth and Mullanphy streets, in this city; and if you should find in favor of such a lien, then your verdict should state for what amount you so find plaintiffs entitled to such lien."

"The court instructs you, that as to the second issue [concerning the lien claimed] if you find from the evidence that the plaintiffs furnished to the Mullanphy Planing Mill Company [upon the orders of any of its managing officers] any of the items of new machinery specified in said exhibit A, read in evidence, at the dates and prices therein named, and that said prices were assented to by said officers of said mill company, or were then the fair and reasonable market prices of said articles [in the absent of such assent]; and if you further find that said new machinery was necessary to complete the said Mullanphy Planing Mill, as designed and intended by said mill company, prior to the date of the deed of trust read

in evidence, viz. : May 12, 1882 ; and that the said plan-
ing mill was unfinished without said machinery, and
that the same was connected with and fastened to said
building, and the other machinery therein, for perma-
nent use as a part of said planing mill, and that said
machinery was so furnished by the plaintiffs, within six
months prior to May 24, 1883, and that on said day the
plaintiffs filed, in the clerk's office of this court, the
sworn claim for a lien, which has been read in evidence,
and is marked 3496 ; and that the omission of plaintiffs
to give credit in said claim for' the sum of three hundred
dollars, as mentioned in evidence, was unintentional and
resulted merely from an honest oversight, then you
should find in favor of plaintiffs for a lien for the then
reasonable St. Louis market value of such new machinery
so furnished to complete said mill by the plaintiffs [not
exceeding the prices agreed upon, in such items as you
find were so agreed upon, as aforesaid], and after allow-
ing and giving credit for any and all payments you find
have been made to the plaintiffs for such machinery, or
have been applied thereto, as to which particular matter
you will be further informed and instructed by instruc-
tion number three.''

For the appellant, the court gave the following in-
structions :

''If the jury find from the evidence, that the Mul-
lanphy Planing Mill Company applied the payment of
three hundred dollars ($300) of March 21, 1883, to the
partial payment of the re-splitting band saw, the court
instructs the jury that the planing mill company was
entitled to make such appropriation of such payment.''

''If the jury find that the knives, saws, pulleys,
belting, and other articles of machinery sued for, were
not used by the Mullanphy Planing Mill Company in the
original construction or erection of its planing mill, but
were sold and furnished by plaintiffs to replace other
machinery of a like or similar nature, theretofore con-
tained in said planing mill, or to further equip or supply

said planing mill, and that they were so sold and furnished after the deed of trust, read in evidence, had been placed on the property and premises described in the petition, then the jury are instructed that plaintiffs are not entitled to a lien for the same."

" The jury are instructed that, by the laws of Missouri, there is no lien given for machinery furnished for and placed upon premises or structures which are completed and which have been mortgaged before such machinery is furnished, which has priority over such mortgage. If, therefore, the jury believe and find from the evidence in this case, that the Mullanphy Planing Mill, as described in the petition, was completed and in operation as a completed structure in accordance with the original plans and designs of said company when they erected the same at or before the time the deed of trust, read in evidence, was placed on the same, or before any of the items set out in the petition were contracted for and furnished, and if they also find from the evidence that the St. Louis Manufacturing Company derived its title to said premises through the foreclosure of said deed of trust, then they are instructed that the plaintiffs are not entitled to a mechanic's lien for any of the articles described in the petition."

The following instruction prayed by the appellant was refused by the court :

" 4.    If the jury believe and find from the evidence in this case that the Mullanphy Planing Mill Company placed a mortgage or deed of trust upon the premises described in the petition, on or about the thirteenth day of May, 1882, and that the said deed of trust was foreclosed in June 1883, and that the St. Louis Manufacturing Company purchased the said premises through the foreclosure sale; and if the jury further believe and find from the evidence that the items charged for in the petition were contracted for and furnished after the mortgage or deed of trust was placed upon the mill, then

the jury are instructed that the plaintiffs are not entitled to a lien on the property described in the petition."

The errors assigned in this court, on which the appellant relies for a reversal of the judgment, are, that :

1. The court erred in submitting the question of the right to a lien to the jury, but should have declared, as a matter of law, that no lien can be enforced against the property covered by the mortgage and the appellant's deed under it.

2. There is no evidence upon which to base instruction number two, or the branch of instruction so numbered, given for the plaintiffs.

3. The verdict is excessive, and under the most favorable view of the law for the plaintiffs, can not stand.

It will thus be seen, that conceding that the plaintiffs were entitled to go to the jury at all, on the question of lien, the instructions of the court on that subject were as favorable to the defendant as the law warrants.

Instruction number four, offered by the defendant, was properly refused. It was, in fact, a demurrer to the evidence, as, concerning the facts therein stated, there is no controversy. The deduction, however, is a *non sequitur*. The plaintiffs' right of lien on the mill building does not depend on the fact, whether their lien attached before the mortgage, but whether the items furnished were such as to entitle them to a lien, both as against the mortgageor and the mortgagee. Machinery, in that regard, is as much within the protection of the statute (Rev. Stat., sect. 3174), as any other work. The appellant misconceives the ruling made under a similar statute in *Welch v. Porter* (63 Ala. 225). That case does not hold that if the lien attaches subsequent to the mortgage, it is entitled to no priority over the mortgage on the structure, but that it is not entitled to priority over the mortgage on the land. The priority of the lien over the mortgage on the structure is distinctly recognized

in' that case, and has been frequently recognized by the decisions of our supreme court in similar cases. *Crandall v. Cooper*, 62 Mo. 478; *Smith v. Phelps*, 63 Mo. 585 ; *Kansas City Hotel Co. v. Sauer*, 65 Mo. 288. Nor is there any reason why a discrimination should be made in that regard against machinery, which is equally within the terms of the statute.

While the judgment of the court on the question as to what the lien did attach to, is too broad, and can not stand as a matter of law under the uncontroverted facts, the plaintiffs, under the finding of the jury, are entitled to a lien upon the mill structure itself.

The only remaining question is the claim that the finding of the jury as to the amount of the lien is excessive. Whatever merit there may be in that claim, the appellant is not in a position to seek a reversal on that ground alone. The cause was twice tried. On the first trial, the jury found a lien to the amount of $1,475.98, and, on the present trial, to the amount of $1,441.35. The lien papers offered in evidence, which claimed a larger sum, were admitted without objection. Neither in the motion for new trial, nor even in the argument made in this court, is any specific item of the account pointed out, which the defendant claims as not a proper subject of a lien. This court is referred to the account itself, and to the transcript, covering over two hundred pages, to determine from the character of the items, as detailed in the testimony, whether that complaint is just. We declined to make a finding of our own on that subject when the case was last here (16 Mo. App. 454, 457), and for the reasons then assigned, must decline to do so now.

As there is no controversy touching the fact that every one of the items furnished by the plaintiffs was furnished after the defendant's mortgage lien attached, and as, under such circumstances, the plaintiff's lien can have priority over the mortgage, on the structure

only, and not on the lot whereon the structure stands, the judgment of the trial court, which gives the plaintiffs a lien on the lot, as well as on the structure, must be reversed.

It is ordered that the judgment be reversed and the cause remanded, with instructions to the trial court to enter judgment in favor of the plaintiffs and against the defendant, the Mullanphy Planing Mill Company, for the sum of $1,691.97, with a lien clause against the mill structure (but not the lot), described in plaintiffs' petition, subjecting the same to the payment of $1,441.35, part and parcel of the judgment above stated, to bear interest at the rate of six per centum per annum, from January 6, 1886. It is further ordered that the costs of the preceding appeals be paid by the appellant herein, and the cost of this appeal by the respondents herein. All the judges concur.