ROHAN BROTHERS BOILER MANUFACTURING COMPANY, Respondent, v. ST. LOUIS MALLEABLE IRON COMPANY, Appellant.

### St. Louis Court of Appeals, February 5, 1889.

**Mechanic's Lien:** EVIDENCE: DEFENDANT'S TITLE. In order to sustain a mechanic's lien, it is not necessary that the defendant's ownership be proved by the best evidence, or by such as would be admissible in an action to try title to real estate. Evidence that the work or materials were furnished in and about the building used and occupied by the defendant as a manufacturing establishment, and that the property was assessed for taxes against the defendant, is sufficient on the question of interest in the property to be charged.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*John M. Dickson*, for the appellant.

As in a mechanic's lien suit it is necessary to set out and describe the ground on which the building is erected and in which the material was used, so it is necessary to prove the ownership of the ground and the ownership of the improvements. 65 Mo. 545. In other words, the defendant submits that if it was necessary for the plaintiff in this case to allege that it was the owner of certain improvements, situated on certain real estate, then it is likewise necessary that it should prove the same. And again if it is necessary to allege what was the title of the defendant Malleable Iron Company, whether as lessor or owner in fee-simple, then it is necessary to prove the allegations as alleged.

*Christian & Wind,* for the respondent.

In a mechanic's lien the title to the property is not in question. *Fleitz v. Vichey,* 3 Mo. App. 592 ; *Cole v. Barron,* 8 Mo. App. 509.

THOMPSON, J., delivered the opinion of the court.

This action is brought by an original contractor to recover the reasonable value of certain work and labor done and materials furnished, at the request of the defendant corporation, upon its building and improvements, situated on certain described lots in the city of St. Louis.   Such proceedings were had that there was a judgment against the defendant for $379.43, and establishing the demand as a mechanic's lien against the property sought to be charged therewith.   The defendant, appealing, assigns for error the refusal of the trial court to give an instruction in the nature of a demurrer to the evidence at the close of the whole case.   The reason assigned by the appellant for the view that this instruction ought to have been given, is that there was no evidence showing that the defendant was the lessee of the premises sought to be charged with the mechanic's lien, as described in the petition.   It is true that there was no such evidence of this fact as would be necessary to establish title in an action of ejectment.   But there was evidence that the work was done and that the materials were furnished in and about a building used by the defendant as a manufacturing establishment in St. Louis ; and a witness who was a clerk in the office of the assessor of taxes produced a book which was a record of that office, called a plat-book, and testified that the entries in that book were taken from the records in the office of the recorder of deeds.   From this plat-book the witness located the property of the defendant upon the lots described in the petition in the case, and testified that the defendant was assessed as the lessee of such property.   It is true that the court

(on what theory we do not understand) excluded evidence that the defendant returned this property for taxation ; but the witness testified from the book that the defendant occupied the property described in the petition at the time when the work was done and materials were furnished for which the action was brought.   This, we think, was sufficient inferential evidence of ownership to support a mechanic's lien.   It is not necessary that the fact of ownership in such a proceeding should be proved by the best evidence, or even by such evidence as would be admissible in an action brought to try title to real estate.   Slight evidence will be sufficient to move the court in these cases; since if the defendant is not the owner of the property and has no interest therein, he is in no sense harmed by any judgment which may be rendered establishing a mechanic's lien against it; and, on the other hand, the plaintiff gets nothing by establishing his lien against the supposed interest in land of a defendant who really has no interest therein ; but merely loses his costs and his pains.   That the defendants had some interest in the property is sufficiently shown by the evidence that they employed the plaintiff to do the work and furnished the material to the building thereon, occupied by them ; and the witness who testified from the assessor's books sufficiently located the property as answering the description of the petition.   We think that this assignment of error is without substantial merit ( *Cole v. Barron*, 8 Mo. App. 512 ), and the judgment is accordingly affirmed.   It is so ordered.   All the judges concur,—Judge ROMBAUER in the result.